## ONDERDONK *vs.* GRAY,

1. A mortgagee in possession is bound to account for all rents, issues, and profits received by him, and for all waste and destruction of the premises, and must deduct the allowance for these matters from the amount due on his mortgage.

2. But such allowances can only be claimed, either on bill to foreclose, or bill to redeem, against a mortgagee in possession, and in possession as mortgagee. He cannot be called to account in such suits, for trespasses committed by him ; nor, if he is in possession as tenant of the mortgagor, under a lease from him, can the mortgagor claim an allowance for rent due on the lease, or waste committed as tenant.

3 Parties in executing a contract have the right to depart from its terms. And if they do so, and by consent accept something different in the execution of the contract, they are bound by the acceptance, and cannot look back to the contract.

This cause was argued upon bill and cross-bill, answers, replications, and proofs.

*Mr. Van Dyke,* for complainant in original bill,

*Mr. A. V. Schenck,* for defendant.

THE CHANCELLOR.

Onderdonk, on the 10th day of May, 1866, sold to Gray his mill property at Kingston, in this state, by a written agreement of that date. The price was to be $35,000, and the deed a good deed, with warranty, but no time was set for its delivery. The price was to be paid, $1000 in cash at sale, $4000 at delivery of deed, $6607 by assuming two mortgages to that amount, and the residue, or about $23,393, by a mortgage for that sum, without interest, payable on the first of April then next, when the contract stipulated that full possession of the place should be given. From this it may be implied that the deed should be delivered before that day. The mill and its appurtenances, and another messuage and

F *

its appurtenances, had been leased out until that day. Onderdonk was in possession of the residue of the premises. There was some evidence by parol, to show that Onderdonk was to retain possession of the residue until that time, but this was disputed by Gray. The title was not made satisfactory to Gray, and was not accepted by him until the 14th day of July, 1866, at which time the deed was delivered, the $4000 was paid in cash, the mortgage was executed, acknowledged, and delivered, the leases to the two tenants assigned to Gray, reserving to Onderdonk the rent to that day, and a lease given by Gray to Onderdonk for the house and appurtenances, with right of pasture and other privileges, to November 1st, 1866. The deed and bond and mortgage were dated on the 26th of May, but were executed and acknowledged in July, at or about the time of delivery. The other papers were dated and executed on different days in July, near the 14th, but were all delivered and exchanged at the same time with the deed and mortgage.

The bill was filed a few days after the mortgage became due, to foreclose the same. Gray, by his answer and cross-bill, claims the right to have a deduction from the amount secured by the mortgage, which he admits otherwise to be due, an allowance for crops taken and gathered by Onderdonk while in possession of the property, and for waste and spoil on the premises, which he says Onderdonk, as mortgagee in possession, is bound to account for.

The principle contended for by the defendant is correct. A mortgagee in possession is bound to account for all rents, issues, and profits received by him, and for all waste and destruction of the premises, and must deduct the allowance for these matters from the amount due on his mortgage; and Gray has adopted the proper course to entitle him to such allowance —filing a cross-bill praying for such account, and to be allowed to redeem on paying the balance.

But such allowances can only be claimed, either on bill to foreclose, or bill to redeem, against a mortgagee in possession, and in possession as mortgagee. He cannot be called

to account, in such suits, for trespasses committed by him; nor, if he is in possession as tenant of the mortgagor, under a lease from him, which a mortgagee may take as well as a stranger, can the mortgagor claim an allowance for rent due on the lease, or waste committed as tenant. *White's adm'rs* v. *Williams*, 2 *Green's Ch. R.* 376.

The principal matter for which allowance is claimed, is for the crops growing at the time of contract of sale, which were gathered and appropriated by the complainant between that time and the delivery of the deed, and chiefly between the date of the mortgage and the delivery of the deed.

There can be no doubt but that evidence can always be admitted as to the actual execution and delivery of a deed or mortgage, when that time differs from the date of the instrument. And as this mortgage was not executed or delivered until the 14th day of July, and as it must take effect from its delivery, and not from its date, it is clear that until that time Onderdonk could not have been in possession as mortgagee. Under the contract of sale, neither party was in laches in not completing the contract before that time, and until the deed was delivered, Onderdonk was the legal and rightful owner of the premises, and was entitled to take the rents, issues, and profits to his own use, and the crops which he gathered, and the rents which he collected before the delivery of the deed were his own, and he need not account for them to Gray. It makes no difference if both parties at the contract expected and intended that the crops then in the ground would belong to Gray. That would have been the result if the deed had been delivered, as both parties probably expected, in May. It was at Gray's option to have had it so. But he hesitated about the title and completing the contract until after the crops were garnered, and then took title. In the contract I see nothing that would have prevented Onderdonk from delaying to deliver the deed until the crops were gathered, for the very purpose of appropriating them. If a vendor agrees to give title on *or before* the first of May next after his contract, he may delay delivering

his deed until that day, for the purpose of appropriating the year's rent due on the 30th of April, which would have belonged to the purchaser if the title had been passed on the 29th of April. The remnants of old fences torn down, and the castings which were part of the machinery of the mill taken out, neither of which were to be replaced, as well as the manure, all of which were on the premises at the delivery of the deed, were personal property to which Gray had no right.

After the delivery of the deed and mortgage, Onderdonk held possession of all that remained in his possession, as tenant, and not as mortgagee. It makes no difference as to this result, what was the agreement at the time of the contract, about the possession of the place before the first of April. Whatever was intended by the terms used in the contract, or the parol agreement then made as to the possession, was all done away with by the arrangement at the delivery of the deed. The parties in executing a contract have a right to depart from its terms. And if they do so, and by consent accept something different in execution of the contract, they are bound by the acceptance, and cannot look back to the contract.

If the vendor accepts $1000 less of consideration, or agrees to give possession in six months, when he was entitled to a year, or takes a long mortgage instead of cash, he is bound by his acceptance, and cannot sue for the $1000, or insist upon the possession for a year, or the whole in cash. If a purchaser accepts ten acres or ten feet less than he contracted for, or accepts the premises having a barn burned down or carried off, or a crop gathered, or timber trees cut down, he is bound by it, and cannot look back to the contract.

At the execution, the parties settled, by writing, all difficulties as to the possession and the rents, and as to the amount for which the mortgage was to be given.

According to the terms of the contract, Gray was to pay only $35,000, and, therefore, should not have paid the interest on the two mortgages for $6607, from April 1st to July

14th, which he was obliged to pay, and did pay. But he accepted a deed subject to those two mortgages, and not only to the principal due on them. No mistake is shown in this, and when other terms of the original contract were departed from, this may have been by agreement.

Under the circumstances of this case, I think that the ejectment suits, and suit on the bond, were vexatious. The complainant had a legal right to bring both. Any one has the legal right to bring vexatious suits, but a court of equity will not encourage them by giving costs; and the costs of these suits must not be allowed in this.

The complainant is entitled to a decree for the amount due on his bond and mortgage, with costs; and the cross-bill must be dismissed, with costs. The injunction on the suits at law must remain until thirty days after final decree is completed. If the amount of the decree is not paid, with the costs, in that time, the injunction must then be dissolved, and the cross-bill is not to be dismissed until that time.