## WHITE *vs.* STRETCH.

W. filed a bill to foreclose a mortgage, dated January 2d, 1868, given to· him by S. and wife on lands in Hoboken. The condition of the mortgage was for the payment of the principal in three years, with interest half‐ yearly, with a provision that if not paid within thirty‐ days after it was payable, the principal should be due at the option of the mortgagee. The mortgage was given to secure the purchase money of the premises. The deed contained a covenant that the premises were free from "all assessments and encumbrances of what nature or kind soever." The municipal authorities of Hoboken had constructed a sewer near these premises which was finished before this conveyance, and had assessed upon the premises $204, as their share of the expenses. These proceedings had been taken to the Supreme Court by certiorari. W. and S., at the date of the deed, entered into an agreement, under hand and seal, that if the Supreme Court should decide· the assessment legal and a lien upon the premises, W. should pay the assessment; but if the decision should be·in favor of W., he should be held harmless from all charges for building the sewer. The Supreme Court confirmed the proceedings relative to the construction of the sewer prior to the assessment of the expenses [on these lots, and set aside the assessment. By the same order they appointed three new commissioners to assess upon these

lots their share of the expenses of constructing that sewer. They made a new assessment, August 10th, 1869, of $254. This assessment was confirmed by the common council, September 24th, 1869. The interest due on the mortgage, July 2d, 1869, had been paid. January 2d, 1870, S. served a notice on W. that the assessment had been made anew and confirmed, and unless W. paid it, he should claim a deduction to that amount from the mortgage. W. did not pay it, and S., within the thirty days, tendered to W. the amount of interest due on the principal of the mortgage less the assessment and costs for which the lots were liable. This tender was refused, and the bill was filed to foreclose the mortgage, setting out that the interest not having been paid within the thirty days, the complainant had elected to consider the mortgage as due. S. filed a cross-bill. *Held*, that the agreement not providing for the result of the decision, it does not affect the question between the parties, which must be determined by the effect of the covenant in the deed against assessments and encumbrances. W. must, therefore, relieve the premises from the encumbrance, and S. is entitled to have the amount deducted from his mortgage. That tender of the interest on the balance saved the forfeiture. That the cross-bill was unnecessary to set up defence.

2. A covenant that the premises conveyed are free from " all assessments and encumbrances of what nature or kind soever," binds the grantor to pay off an encumbrance existing at the date of the deed. And in a suit to foreclose the purchase money mortgage, the amount of such encumbrance must be deducted from the amount due on the mortgage, and the decree will be only for the balance.

On bill and cross-bill.    Argued upon pleadings and proofs.

*Mr. J. H. Lyons*, for White.

*Mr. Besson*, for Stretch and wife.

THE CHANCELLOR.

The original suit by the complainant, White, is to foreclose a mortgage dated January 2d, 1868, given to him by the defendants, Stretch and wife, on lands in Hoboken to secure the payment of $2000. The condition of the mortgage was for the payment of the principal sum in three years from date; the interest was payable half-yearly, with a proviso that if it should not be paid within thirty days after it was payable, the whole principal should be due at the option of the mortgagee.

The mortgage was to secure the purchase money of the

mortgaged premises, eight lots in Hoboken. The premises were conveyed by White to Stretch by deed, dated on the same day with the mortgage; this deed contained the usual covenants, including a covenant that the premises were free from " all assessments and encumbrances of what nature or kind soever." The municipal authorities of Hoboken had constructed a sewer near the premises, which was finished before this conveyance, and had assessed upon these lots $204, as their share of the expenses. This assessment was confirmed March 14th, 1867.

White disputed the legality of the proceedings in constructing this sewer, and also in making the assessment. He had removed the whole proceedings into the Supreme Court, by a certiorari, returnable at the November Term of 1867; and at the conveyance to Stretch, that suit was pending to test the legality of these proceedings. The assessment and controversy were known to Stretch. An agreement between White and Stretch was executed, under their hands and seals, at the same time with the deed, relating to this assessment. By this it was stipulated that if the Supreme Court should decide that the assessment was legal and a lien upon the lots, then White should pay the assessment; but if the decision should be in favor of White, then he should be exonerated and held harmless from all charges for building said sewer.

The Supreme Court, at the Term of February, 1869, confirmed all the proceedings relative to the construction of the sewer, prior to the assessment of the expenses on these lots, and set aside the assessment; and by the same order, appointed three new commissioners to assess upon these lots their share of the expenses of constructing that sewer. These commissioners made a new assessment on the 10th day of August, 1869. They assessed $254 upon these lots, as their share of the expenses. This assessment was confirmed by the mayor and common council, on the 24th day of September, 1869.

The interest on the mortgage, due on July 2d, 1869, had been paid; and Stretch, on January 2d, 1870, served a

notice on White that the assessment had been made anew and confirmed, and that ¦unless it was paid by White, he should claim a deduction from the bond and mortgage to that amount. White did not pay it; and Stretch, within the thirty days, tendered to White the amount of interest due on the principal sum of $2000, less the assessment and costs for which the lots were liable. This tender was refused, and the bill was filed to foreclose in April, 1870, setting out that the complainant, because the interest had not been paid within the thirty days, had elected to consider the mortgage as due.

The real question in the cause is, whether White is bound, either by the covenants in the deed or his agreement of even date with it, to pay off the encumbrance of this assessment; if he is, it is well settled that it must be deducted from the amount due on the mortgage, and he can have a decree only for the balance. *Shannon* v. *Marselis, Saxt.* 426; *Van Riper* v. *Williams,* 1 *Green's Ch.* 407; *Jaques* v. *Essler,* 3 *Green's Ch.* 461; *Couse* v. *Boyles, Ibid.* 212; *Woodruff* v. *Depue,* 1 *McCarter* 168.

It follows, of course, that a tender of interest on the balance was sufficient to avoid a forfeiture of the credit.

The agreement does not appear to me to affect the question; it does not provide for the contingency ¦which has occurred. It provides, first, that if the assessment should be confirmed, White should pay it. It was not confirmed. Secondly, that if the decision should be in favor of White, he should be exonerated. The decision was in his favor as to the assessment or the amount assessed, but was against him as to the most important part, the proceedings for the constructing the sewer; these were confirmed. The effect of this affirmance was to leave these premises subject to the expense of constructing the sewer, which, by that very judgment, were ordered to be re-assessed upon it, and were re-assessed to a large amount. This can hardly be called a decision in favor of White. That agreement did not provide for the case of an affirmance in part, and a reversal in part;

the case that has occurred. The agreement shows that the costs of constructing this sewer were on the minds of the parties, and that it was their intention that Stretch should have the lot free from this encumbrance, and that if the proceedings should be set aside, White should not be held by the covenant against encumbrance, by reason of the encumbrance existing at the date of the decree.

The question, then, must be determined by the effect of the covenant in the deed against assessments and encumbrances. The assessment was in existence and was an encumbrance at the date of the deed, but if it had been simply set aside, no damages, or at the most mere nominal damages, would have been recovered at law for the breach of this covenant, and in equity no allowance could have been made for it.

But the assessment was merely the mode of ascertaining the share of the cost of the sewer to be paid by these lots; they were liable to pay for the cost of the sewer from the time the proceedings were completed by the confirmation of the first assessment. That liability was the real encumbrance. It existed at the date of the deed, and it was never for a moment removed; the same judgment that set aside the assessment, affirmed the proceedings which created the encumbrance, and affirmed the continuance of that encumbrance by appointing commissioners to ascertain the proportion which each lot should pay. If, then, the cost of this sewer was an encumbrance on these lots at the date of the deed, and that encumbrance has never been removed, but the only change has been that the assessment of the amount, which is the share of these lots, has been changed; the conclusion is inevitable, that White is liable to relieve the premises from it, and Stretch is entitled to have the amount of it deducted from his mortgage.

This conclusion, as to the legal effect of these covenants, leads, I am satisfied, to an equitable and just result as between these parties. The lots were purchased at the advanced price which the completion of a sewer always adds

to the adjoining lots. White was to pay for the cost, and Stretch to be exempt, because he had given it to White on the price of the lots. If the covenants in the deed, or the stipulations in the agreement had, by inadvertence in drawing them, led to a contrary result, Stretch would have been compelled to put up with the wrong, not because it was equitable that he should do so, but because he had bound himself to do it.

As, according to this view, the mortgage was not due at the time of filing the bill of White, that bill must be dismissed. As the cross-bill of the defendant, Stretch, was unnecessary for the purpose of setting up his defence, it must also be dismissed. In each case the dismissal would ordinarily be made with costs. But here, as it will reach about the same result, I will order both dismissals, without costs on either side.