## SIRE *vs.* WIGHTMAN and others.

1. Acceptance of interest upon a mortgage, without claim of forfeiture, after the expiration of the time when, by its terms, the principal became due, accompanied by an acknowledgment of the receipt, as of the very day on which it fell due, and the receipt of interest on the mortgage subsequently, without any claim of forfeiture—*held*, a waiver of the forfeiture.

2. The holder of that mortgage was third mortgagee, and a bill had been filed by the second mortgagee to foreclose his mortgage, and a final decree had been entered in favor of the first, second, and third mortgagees. The owner of the equity of redemption had permitted the suit to proceed to decree and execution, expecting to be able to pay off the first and second mortgages before sale. He has paid them off, and now asks that the execution be stayed except as to the costs of the holder of the third mortgage, which is not yet due. Execution stayed, on the payment of costs and interest.

On petition to stay execution for sale of mortgaged premises.

*Messrs. Stone* and *Jackson*, for petitioners.

*Mr. A. W. Bell*, contra.

THE CHANCELLOR.

The complainant filed his bill for foreclosure and sale of certain premises to satisfy his mortgage, which was the second one on the property. He made the respective holders of the first and third mortgages, parties defendant. A final decree

was entered in favor of the first, second, and third mortga-gees for their respective mortgage debts, with interest and costs, and an execution was issued on the 23d of January, 1874, accordingly. Wightman, the owner of the equity of redemption, having paid off the first and second mortgages, filed his petition praying that the execution may be stayed, ex-cept so far as the costs of the holder of the third mort-gage are concerned. He insists that the principal of that mortgage is not due, and will not be until 1878, and he claims that there are no arrears of interest. Owens, the holder of that mortgage, on the other hand, insists that in 1871 the principal became due by reason of a default for more than ten days, in the payment of the interest, which became due on the 24th of June in that year. The mortgage contained a provision that if any interest should remain due and un-paid for ten days, the principal should thereupon become due. It appears, however, that he received that interest in July or August of that year, from Wightman, who, about that time, became the owner of the property, and that the receipt for it was, by Owens' direction, dated as of the day on which the interest became due. Every payment which has accrued since then has been promptly met, and all of them received up to the one which became due after the bill was filed, and that, though duly tendered, was refused, on the ground that the principal had become due, by the default in the payment of interest due in June, 1871. The evidence is, that neither when that interest was paid, nor at any time since, up to the commencement of this suit, was any claim of forfeiture made by Owens. He indeed said, when he received that interest, that he might want the principal, or some part of it, in the ensuing spring, but it does not appear that he made any claim that the principal was due, or made any reference to the clause under which the forfeiture is claimed, or referred to the effect of the default, which had taken place. He did not ask for the principal or any part of it, until December, 1873. Wightman was not aware of the existence of the clause until after he paid the interest due to June, 1871.

The mortgage was made by a former owner of the property. Under the circumstances, Owens ought not to be permitted to compel, by means of the decree and execution, the payment of the ᵣ ᵗ·ncipal of his mortgage.  He should have his interest and costs, and on the payment thereof the execution should be stayed.  His acceptance of the interest, which was due in June, 1871, accompanied as it was by his deliberate acknowledgment of the receipt as of the very day on which it had fallen due, was a waiver of the forfeiture to which he had become entitled.  To this is superadded his acceptance of the interest from time to time as it became due, for two years thereafter, up to the commencement of the suit. *Amott* v. *Holden*, 18 *Q. B.* 593.

Wightman permitted the foreclosure suit to proceed to decree and execution, in the expectation of being able to raise the money to pay off the first and second mortgages before sale.  His admission to defend himself against the third mortgage has done no injury to the holder of that encumbrance, nor does it preclude him from the relief to which he would otherwise be entitled.