The suit is by seven children against their aged father, brought in the name of one of them. In 1919 the father contracted to buy a home from a building and loan association for $3,600, paying down $300 and the balance in monthly installments of $33. Later he and his wife were in disagreement. She had him in the domestic relations court and brought suit in chancery for a half interest in the contract of purchase, in an automobile and in a dance hall business. In 1923 they became reconciled and entered into an *Page 479 
agreement wherein he acknowledged her one-half interest in the properties and agreed to have executed the necessary documents to vest in her the legal title. When, in 1925, the unpaid contract price for the home reached $2,100, the property was conveyed to the husband and wife and they executed a purchase-money mortgage to the building and loan association for the balance. The wife died in 1927. Title to the home having survived to the husband as tenant by the entirety, the children now seek to have it declared that the conveyance to their father and mother created a tenancy in common, and that the father be compelled to perform the contract with his wife to convey to her a half interest in the property, to the end that the children be declared to have inherited her one-half interest subject to his curtesy therein. The effort is unnatural, the bill carries no appeal and the court will not be at pains to resolve doubtful questions of fact or law in their favor.
It is not charged that fraud was practiced and it is not shown that the deed was the result of mistake of fact or law. The children rest their claim on the bare fact that the conveyance did not carry out the terms of the contract. The assertion is true. A tenancy by the entirety is not an ownership of an undivided interest in real estate (In re Staiger, 104 N.J. Eq. 149) but an estate by the entirety may prove to be a more beneficial interest and there is nothing shown that the wife did not prefer it to a strict adherence to the contract, that, being junior of her husband, she did not elect to take an estate that held out the probability of greater advantage, of absolute ownership by survivorship. It was her right to accept the deed for an estate by the entirety in substitution (Onderdonk v.Gray, 19 N.J. Eq. 65) and it is to be presumed that she accepted it in the execution of the contract.
We cannot assume that the wife did not know the law, that the deed created an estate by the entirety. The presumption is that she did and there is nothing in evidence to the contrary.
 The bill will be dismissed. *Page 480