OTTILIE HAASE, by guardian, &c., complainant-appellant,

*v.*

FREDERICK MOSER et ux., defendants-respondents.

[Argued October 30th, 1936.   Decided January 22d, 1937.]

*Mr. John J. Fallon,* for the appellant.

*Mr. Samuel Tartalsky (Mr. George J. Baumann),* for the respondents.

PER CURIAM.

The facts are stated in the opinion of Vice-Chancellor Kays, reported in *120 N. J. Eq. 437.*

We concur in the view expressed by him that where there is default in taxes which under the terms of a mortgage

would accelerate the payment of the principal, such default may be neutralized if the taxes are paid before bill filed. We find, however, some language in the opinion which might support an inference that default in payment of interest might be neutralized in a similar manner. It is unlikely that the learned vice-chancellor intended to be so understood, particularly as that question was not before him; but we deem it prudent to note that our affirmance of the decree is predicated on the tax default, which was the only default existing in the case.

In *Sire* v. *Wightman, 25 N. J. Eq. 102,* it was held that voluntary acceptance of overdue interest was a waiver of the default and forfeiture "to which [the complainant] had become entitled;" the natural inference being that he was not bound to accept. And in *O'Connor* v. *Meskill,* unofficially reported in *39 Atl. Rep. 1061,* the late Vice-Chancellor Grey expressly held that after such default in interest a mortgagee was not required, even before his election to accelerate the principal, to accept payment of the overdue interest. We think this has been the uniform practice in this state.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, COLE, JJ. 12.

*For modification*—PARKER, J. 1.