116 N.J. Super. 358 (1971)
282 A.2d 421
PHILIP EISEN AND MARY HOLSTEIN, PLAINTIFFS-RESPONDENTS,
v.
PETER S. KOSTAKOS AND TINA P. KOSTAKOS, HIS WIFE, IRVING J. SCHWARTZ AND SYLVIA H. SCHWARTZ, HIS WIFE, UNICO OIL SUPPLY INC., A NEW JERSEY CORPORATION, TRADING AS HASKINS FUELS, THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION OF NEW JERSEY, AND THE STATE OF NEW JERSEY, DEFENDANTS, AND BENDER INVESTMENT, INC., ALSO KNOWN AS BENDER INVESTMENTS, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1971.
Decided October 15, 1971.
*362 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. John S. Bender argued the cause for appellant.
Mr. Jack L. Holstein argued the cause for respondents.
The opinion of the court was delivered by LANE, J.A.D.
The complaint sought foreclosure of a second mortgage on rental property in the City of East Orange owned by defendant Bender Investment, Inc. Upon a motion for summary judgment the trial court on August 5, 1970 ordered that "judgment is granted and shall be entered striking the answer of Bender Investment, Inc., also known as Bender Investments, Inc., in this mortgage foreclosure action and that plaintiffs file their proofs of the amount due on their mortgage in accordance with the Rules of Court." On October 30, 1970 after a hearing on the mortgagees' account final judgment fixing the amount due *363 under the mortgage at $22,699.73 and directing a sale was entered. Defendant appealed without leave granted from the August 5, 1970 order.
The mortgage was given to secure a bond of $20,000. It called for equal monthly installments of $116.67. It contained the usual acceleration clause upon nonpayment 30 days after the due date of any installment of principal, interest, taxes, water rents or liens.
Plaintiffs went into possession as mortgagees in possession on or about December 1, 1969. At that time the mortgagor was in default in two payments of principal and interest due October 18, 1969 and November 18, 1969. Additionally, a quarterly installment of municipal real estate taxes due November 1, 1969 was unpaid.
The complaint was filed April 30, 1970, setting forth the defaults referred to above. The answer filed July 1, 1970 denied the installments of principal and interest due October 18, 1969 and November 18, 1969 were unpaid, alleged that the quarterly installment of taxes was paid during the early part of December 1969, and set forth as separate defenses that the plaintiffs had been in possession since December 1, 1969 and "hence any and all amounts due relative to their mortgage have or should have been paid prior to the complaint herein"; waiver of any alleged default; estoppel to allege any default; accord and satisfaction reached prior to the mortgagees going into possession; and that the $116.67 allegedly due as of the time the plaintiffs entered into possession was "so legally insufficient as to be precluded from constituting a default under the mortgage by virtue of the doctrine of `de minimis.'"
On July 7, 1970 plaintiffs filed a motion for summary judgment supported by an affidavit. Among other things the affidavit charged that defendant had failed to pay the monthly installment of principal and interest amounting to $571.67 due on the first mortgage, the October installment of principal and interest amounting to $116.67 due on the second mortgage, municipal taxes amounting to $2,017.74 *364 due November 1, 1969; water rents amounting to $1,111.98 due the City of East Orange, and fire and liability insurance premiums amounting to $49.54. The affidavit further showed that when plaintiffs went into possession they were compelled to advance immediately $571.67 for payment of principal and interest due on the first mortgage; $650 on account of the municipal taxes due November 1, 1969; $1,111.98 due for water rents; fire and liability insurance premiums of $49.54; and payment of $50 for a bill of Public Service Electric and Gas Company. Plaintiffs stated that from December 1, 1969 when they went into possession until the filing of the complaint, the rents collected totaled $10,159.14, whereas the disbursements totaled $13,734.93. Paragraph 11 of the affidavit which was not denied stated in part:
Mr. Bender informed us that on December 5, 1969 a new mortgage loan would be obtained which would pay off the mortgage indebtedness to us including the moneys advanced by us. This mortgage loan was never consummated. Additional time was given to Mr. Bender in order to negotiate another loan and when he informed us that all his sources for a loan were exhausted the within foreclosure proceedings were commenced.
In answer to the motion for summary judgment, the affidavit of John S. Bender, Esq., was filed. He alleged that the amounts due for taxes and water rents were fully paid before the filing of the complaint. Obviously such payments were made by plaintiffs as mortgagees in possession. He further alleged that from the rents collected plaintiffs "should presently have a surplus on hand after the payment of all amounts due relative to the continued operation of the premises, all amounts currently due upon their mortgage and the prior first mortgage, as well as any and all amounts advanced by them during the 7-month period." The affidavit concluded, "Any and all defaults alleged relative to the plaintiffs' mortgage have been, or should have been, cured as of the present time from the net income *365 realized from the continued operation of the premises by the plaintiffs since December 1st, 1969."
On the hearing of the motion for summary judgment the court merely said that there was a default without specifying what the default was and that it would grant the motion for summary judgment. We call attention to R. 1:7-4, which is incorporated in the summary judgment rule, R. 4:46-2. It is not sufficient for a trial court merely to state the conclusion that there was a default and that, therefore, summary judgment is being granted. The trial court should have specifically set forth findings of fact and conclusions of law. A discussion of the facts and the law would not only be of great help to an appellate court, it might well have caused defendant to reconsider an appeal.
The issues before us are: (1) Is the order appealed from interlocutory, and since no leave to appeal has been granted, should the appeal be dismissed? (2) Assuming the mortgagees had collected more rents than they had disbursed, were they obligated to apply the excess rents to their mortgage so as to cure the default that occurred before they went into possession? (3) Did the affidavit submitted on behalf of the defendant raise a genuine issue as to a material fact?

I
The final judgment in an action to foreclose a real estate mortgage fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due. The order for judgment appealed from here determined that there had been a default under the mortgagee so that the real estate should be sold to satisfy the obligation to plaintiffs and that plaintiffs were entitled to proceed before the standing master, or before the court if there was a dispute, to prove the amount due under the mortgage. It was clearly interlocutory because it did not determine all of the issues. It was in fact a partial summary judgment. As such it was not appealable as of right. *366 Applestine v. United Board & Carton Corp., 35 N.J. 343, 350-352 (1961); Haelig v. Mayor, etc., Bound Brook, 105 N.J. Super. 7, 11 (App. Div. 1969). However, the appeal raises an important question in the mortgage field that has not specifically been dealt with in New Jersey by an appellate court. On our own motion we will, therefore, grant leave to appeal now as of the date the notice of appeal was filed. Cf. Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 573 (1970).

II
Generally, a provision in a mortgage granting the mortgagee the option to accelerate the maturity of the debt upon a default in the payment of principal, interest or municipal liens is a legitimate contractual stipulation. A mortgagee has the right to insist upon a strict observance of the terms of such provisions unless the default is attributable to the conduct of the mortgagee. Gilbert v. Pennington Trap Rock Co., 135 N.J. Eq. 587, 591 (Ch. 1944).
Defendant argues that since the taxes had been paid before the foreclosure action was filed, the action is barred. It is true that where there is a default in tax payments which, under the terms of the mortgage, would allow an acceleration of the payment of the principal, such default may be neutralized if the taxes are paid before the complaint is filed. Williams v. Evenstein, 2 N.J. 60, 63 (1949); Haase v. Moser, 121 N.J. Eq. 344, 345 (E. & A. 1937); S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., 44 N.J. Super. 193, 203 (Ch. Div. 1957); Gilbert v. Pennington Trap Rock Co., 135 N.J. Eq. 587, 593, supra. However, defendant did not pay the taxes. Plaintiffs paid them in order to protect their interest in the property. A mortgagee who pays taxes which the mortgagor is under a duty to pay is entitled to be reimbursed for the amount paid and may add it to the mortgage debt. South Amboy Trust Co. v. McMichael Holdings, 141 N.J. Eq. 12, 16 (Ch. 1947); The Pennsylvania Co. v. Broadway-Stevens *367 Co., 105 N.J. Eq. 494, 496-497 (Ch. 1930). Where a mortgagee in possession is required to pay taxes, the payments are a proper charge against the mortgage debt. Clark and Smith v. Smith, 1 N.J. Eq. 121, 137 (Ch. 1830).
Defendant argues that plaintiffs received enough funds from the rents and profits of the property to cover all payments on the mortgage. The question is whether a mortgagee in possession must apply the net income to payments required under the mortgage and further, if he is so required, whether such application would cure any default occurring before the mortgagee went into possession.
Where there is a default in payment of principal or interest which under the terms of the mortgage would permit an acceleration of the payment of the entire principal, a mortgagee is not required to accept payments of the overdue principal or interest even before his election to accelerate the principal. Haase v. Moser, 121 N.J. Eq. 344, 345, supra.
In Haase v. Moser plaintiff filed a foreclosure action and defendant moved to dismiss on the grounds that there were no arrearages at the time of the filing of the complaint. The facts were stated in 120 N.J. Eq. 437 (Ch. 1936). Certain taxes had been unpaid for 90 days after they were due. The mortgage provided that if any taxes were not paid within 90 days, the principal and interest should become immediately due at the option of the mortgagee. Defendant had paid the taxes before the filing of the complaint. Vice-Chancellor Kays held that when taxes in default are paid before the complaint is filed, the mortgagee is barred from foreclosing. In affirming, the Court of Errors and Appeals said:
We concur in the view expressed by him [the vice chancellor] that where there is default in taxes which under the terms of a mortgage would accelerate the payment of the principal, such default may be neutralized if the taxes are paid before bill filed. We find, however, some language in the opinion which might support an inference that default in payment of interest might be neutralized in a similar manner. It is unlikely that the learned Vice Chancellor *368 intended to be so understood, particularly as that question was not before him; but we deem it prudent to note that our affirmance of the decree is predicated on the tax default, which was the only default existing in the case.
In Sire v. Wightman, 25 N.J. Eq. 102, it was held that voluntary acceptance of overdue interest was a waiver of the default and forfeiture "to which [the complainant] had become entitled;" the natural inference being that he was not bound to accept. And in O'Connor v. Meskill, unofficially reported in 39 Atl. Rep. 1061, the late Vice Chancellor Grey expressly held that after such default in interest a mortgagee was not required, even before his election to accelerate the principal, to accept payment of the overdue interest. We think this has been the uniform practice in this state. [121 N.J. Eq. at 344-345]
A default in payment of principal or interest will allow an acceleration of the entire principal due, even if tender is made but refused.
Normally a mortgagee is not entitled to rents and profits until he takes possession of the property or has a receiver appointed. Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86, 89-90 (E. & A. 1919); Scult v. Bergen Valley Builders Inc., 82 N.J. Super. 378, 380 (App. Div. 1964). A mortgagee in possession is bound to account for all rents, issues and profits received by him and must deduct the allowance for these matters from the amount due on his mortgage. Orange Land Company v. Bender, 96 N.J. Super. 158, 165 (App. Div. 1967); Onderdonk v. Gray, 19 N.J. Eq. 65, 66 (Ch. 1868). See Zanzonico v. Zanzonico, 2 N.J. 309, 314, cert. den. 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949). The mortgagee is entitled to a credit for all proper expenses in connection with the property. Zanzonico, 2 N.J. at 314. The claim of right to a credit due on the accounting is merely a matter of ascertaining the amount due on the mortgage. It is of the same nature as a payment on the mortgage. The determination of the amount thereof becomes a necessary part of the foreclosure action. Orange Land Company v. Bender, 96 N.J. Super. 158, 166, supra.
In Onderdonk v. Gray, 19 N.J. Eq. 65, the Chancellor said:
*369 * * * A mortgagee in possession is bound to account for all rents, issues, and profits received by him, and for all waste and destruction of the premises, and must deduct the allowance for these matters from the amount due on his mortgage; and Gray has adopted the proper course to entitle him to such allowance  filing a cross-bill praying for such account, and to be allowed to redeem on paying the balance.
But such allowances can only be claimed, either on bill to foreclose, or bill to redeem, against a mortgagee in possession, and in possession as mortgagee. * * * [19 N.J. Eq. at 66; emphasis added]
In 4 American Law of Property (1952), § 16.105 at 201, the rule is stated:
Rents received by a mortgagee in possession are not automatically applied on the mortgage debt or the interest on it. Before any of the income received by him is appropriated to such a purpose there must be an accounting in which the mortgagee's allowable expenses and charges are first set off against what he has taken in, and such an accounting is had only when there is either an action to foreclosure or to redeem. Consequently, the mortgagor cannot omit payments of interest or installments of principal on the ground that the mortgagee has in his hands income from the property more than sufficient to cover them. * * *
Osborne on Mortgages (2d ed. 1970), § 165 at 286-287 states:
* * * However, the mortgagee in possession in the course of his management of the property, in addition to receiving income, will have incurred various expenses for which he is entitled to be reimbursed, or by his affirmative conduct or neglect have subjected himself to charges other than income actually received which will be assessed against him. It is only the balance, after these charges and debits have been cast up and set off against each other, that goes in satisfaction of the debt. But in determining this balance "in many cases complicated equities must be determined and adjusted before it can be ascertained what part, if any, of the rents and profits received is to be applied upon the mortgage debt." From the foregoing two things are apparent. One is that before it can be known how much of the income is to be applied to the mortgage debt there must be an accounting which can be made only in accordance with equitable theory and practice regardless of whether the jurisdiction is title or lien. The other is that the application in the accounting of the balance when ascertained is in the nature of an equitable set-off when the debt is being paid. This being so, it must be made in a proceeding or transaction directly involving the satisfaction of the mortgage debt. * * *
*370 See also 2 Glenn on Mortgages (1943), § 206 at 1033; Id., § 224 at 1080, 1082.
Since an accounting for all rents and profits received by the mortgagee in possession can only be claimed on a bill to foreclose or a bill to redeem, it is clear that the rents and profits received are not automatically applied to the mortgage debt. It follows that they cannot be applied to cure any default so as to preclude an acceleration and foreclosure. Cf. Joliet Federal S. & L. Ass'n v. Bloomington Loan Co., 265 N.E.2d 400, 403 (Ill. App. Ct. 1971). We point out that we are not dealing with a situation where there is an available credit or setoff to the mortgagor existing at the time of the default equal to, or in excess of, the amount required to be paid and alleged to be in default as in Arco Co. v. Hawthorne Fuel & Ice Inc., 135 N.J. Eq. 315 (Ch. 1944), aff'd o.b. 136 N.J. Eq. 514 (E. & A. 1945), and White v. Stretch, 22 N.J. Eq. 76 (Ch. 1871).
Insofar as Doyle v. Di Medio, 99 N.J. Eq. 23 (Ch. 1926) may appear to hold otherwise, it is overruled.

III
Although we have held that even if plaintiffs as mortgagees in possession had in their hands an excess of rents over disbursements, such funds would not cure the defaults in the payment of the October and November interest and the unpaid taxes, we will discuss whether a genuine issue was raised by the affidavits on the motion for summary judgment to support the existence of an excess of rents over disbursements.
A motion for summary judgment will be granted where the pleadings, answers to interrogatories and affidavits filed in support of and in opposition to the motion do not show the existence of a genuine issue of material fact.
Summary judgment is not to be denied if other papers pertinent to the motion show palpably the absence of any issue of material fact, although the allegations of the pleadings, standing alone, may *371 raise such an issue. Summary judgment procedure pierces the allegations of the pleadings to show that the facts are otherwise than as alleged. Sokolay v. Edlin, 65 N.J. Super. 112, 121 (App. Div. 1961).
Here the affidavit of Mr. Bender did not raise any genuine issue as to a material fact. All it said is that the plaintiffs "should presently have a surplus on hand." If defendant was sincere in its allegation, it could have requested an adjournment of the hearing on the motion for summary judgment to undertake discovery. No such request was made.
As pointed out in N.J. Mtge. and Inv. Corp. v. Calvetti, 68 N.J. Super. 18, 32 (App. Div. 1961):
* * * However, mere sworn assertions of ultimate fact supposedly based on information and belief, without revelation of the source of the information or any material basis for the belief, and without any supporting affidavits of persons having actual knowledge of the facts, will not effectively blockade issuance of summary judgment. * * *
See also Robbins v. Jersey City, 23 N.J. 229, 241 (1957).
The separate defenses set up in the defendant's answer that there should have been enough income received from the premises to cure all defaults and that the defaults were insignificant were insufficient in law and fact. The separate defenses of waiver, estoppel and accord and satisfaction were not supported by any evidence. The papers before the trial court on the motion showed clearly that there had been defaults under the mortgage at the time the mortgagees went into possession in the payment of interest and taxes and that defendant had not cured such defaults before the complaint was filed. Plaintiffs were entitled to a partial summary judgment.
The order of August 5, 1970 granting partial summary judgment is affirmed.