6 A.3d 481

WELLS FARGO BANK, NA, PLAINTIFF–RESPONDENT,
v. JAYNE A. GARNER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 14, 2010—Decided October 27, 2010.

Before Judges WEFING, PAYNE and KOBLITZ.

*Jayne A. Garner,* appellant pro se.

*Zucker, Goldberg & Ackerman, LLC,* attorneys for respondent (*Janet V. Keymetian,* on the brief).

The opinion of the court was delivered by

KOBLITZ, J.S.C. (temporarily assigned).

Defendant homeowner Jayne A. Garner appeals the denial of her motion to reconsider the granting of summary judgment to plaintiff in a foreclosure case. Defendant executed a note in favor of Aurora Financial Group, Inc. (Aurora) in the amount of $152,278 on April 4, 2004. To secure payment, she also executed a mortgage dated April 30, 2004, to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Aurora on property located in Pemberton, New Jersey. This mortgage was subsequently recorded. MERS assigned the note and mortgage to plaintiff three days before the foreclosure complaint was filed on September 8, 2008, alleging that defendant failed to make her monthly mortgage payment in May 2008 or at any time thereafter. Defendant filed a pro se contesting answer that did not dispute her payment default, but raised issues such as the lack of enforceability of the note due to claimed violations of numerous federal statutes.

When a contesting answer is filed, the Office of Foreclosure refers the case for disposition to a General Equity judge in the vicinage where the property is located. On January 26, 2009, the General Equity judge granted summary judgment in plaintiff's favor; struck defendant's contesting answer; entered default; and transferred the matter back to the Office of Foreclosure to be treated as uncontested pursuant to *R.* 1:34–6. Defendant subsequently filed a "motion to vacate default" which was treated by the General Equity judge as a motion for reconsideration. The judge reconsidered and denied defendant's application on March 20,

2009. This appeal follows. We dismiss the appeal as the matter is not final and leave to appeal was not sought pursuant to *R.* 2:5-6.

Orders granting summary judgment, striking the answer, entering default, and returning the matter to the Office of Foreclosure are interlocutory because these orders only address issues relating to the mortgagee's right to foreclose and do not resolve any potential issues concerning the amount due.[1] *See* 1 Scott T. Tross, *N.J. Foreclosure Law & Practice,* § 11-2 at 225 (2009).

A final judgment disposes of all issues and is generally appealable as of right. *R.* 2:2-3(a). In real estate foreclosure actions, "the final judgment ... fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due." *Eisen v. Kostakos,* 116 *N.J.Super.* 358, 365, 282 *A.*2d 421 (App.Div.1971).

In *Kostakos,* defendant appealed the summary judgment order entered by the trial court. 116 *N.J.Super.* at 363, 282 *A.*2d 421. No stay having been entered, final judgment fixing the amount due was granted before we considered the appeal of the summary judgment order. *Id.* at 362-63, 282 *A.*2d 421. We found no appeal as of right from summary judgment in a foreclosure matter because the order did not "determine all of the issues." *Id.* at 365, 282 *A.*2d 421. We noted that such a judgment is more properly referred to as "partial summary judgment." *Ibid.* On our own motion, however, we granted leave to appeal in that case because "the appeal raise[d] an important question in the mortgage field

---

[1] In her reply brief, defendant presented a letter dated November 12, 2009, well after the trial court decided the order before us on appeal. This letter is presented in support of her contention that plaintiff overcharged her for fire insurance. Our clerk treated this submission as a motion to expand the record. We deny this motion. Defendant will be given the opportunity to dispute the amount due at a later date when she will be able to resolve the insurance payment issue.

that ha[d] not specifically been dealt with in New Jersey by an appellate court." *Id.* at 366, 282 *A.*2d 421.

We do not consider interlocutory review of this order to be warranted under these circumstances because plaintiff's papers do not raise an important unresolved question of law. "[L]eave to file an interlocutory appeal of a trial court's order is only granted 'in the interests of justice.'" *Brundage v. Estate of Carambio,* 195 *N.J.* 575, 599, 951 *A.*2d 947 (2008) (quoting *R.* 2:2–4.). The stringent "interests of justice" standard is supported by a general policy against piecemeal review of trial-level proceedings. *Ibid.* "Moreover, the grant of leave to appeal ... is customarily exercised only sparingly." *State v. Reldan,* 100 *N.J.* 187, 205, 495 *A.*2d 76 (1985).

Pursuant to *R.* 4:64–1(d), defendant will be permitted to dispute the amount due after she receives the notice of motion for judgment containing proof of the amount due. At that time, defendant may file an objection with the Office of Foreclosure which will refer the dispute for resolution to the General Equity judge in the same manner as her contesting answer. The determination of the amount due is a final decision in a foreclosure case and may be appealed as of right. If defendant elects to appeal she may then raise the issues she has attempted to assert at this point.

The appeal is dismissed.