ROYAL J. MANSFIELD, complainant-appellant,

*v.*

FRANK HAMMOND and FRANK A. KRAUS (KORTZ), defendants-respondents.

[Submitted October term, 1934.   Decided January 10th, 1935.]

*Mr. Andrew J. Whinery (Mr. Colley E. Williams,* of the New York bar), for the appellant.

*Mr. Merritt Lane,* for the respondent Hammond.

*Mr. Percy G. Britt,* for the respondent Kraus.

The opinion of the court was delivered by

HEHER, J.   We are in accord with the conclusion of the learned vice-chancellor that the bill of complaint should be dismissed.

We are not to be understood as giving assent to the view, expressed in the opinion, that the sale of the lands in question was a valid exercise of a power of sale given contemporaneously with the deed of conveyance to respondent Hammond within the rule laid down in *Clark* v. *Condit, 18 N. J. Eq. 358.*

Notwithstanding the contrary implication of the ruling so made by the vice-chancellor, this conveyance was indisputably an equitable mortgage. It was unquestionably intended as a security. There was no purchase price fixed; none was intended. Appellant's credit with the bank, of which Hammond was an officer, was increased from $25,000 to $35,000, and the conveyance was intended as additional security. No sum, representing its agreed value, was credited upon the indebtedness, nor was there any intention of doing so thereafter. The conveyance was accompanied by other collateral, the value of which does not appear. It is the settled rule that if a transaction resolves itself into a security, whatever may be its form and whatever name the parties may choose to give it, it is, in equity, a mortgage. *J. W. Pierson Co.* v. *Freeman, 113 N. J. Eq. 268.* And that being so, the right of redemption is an incident of the transaction. The right to redeem is a favorite equity, and will not be taken away, except upon a strict compliance with the steps necessary to divest it. *Chicago, Danville, &c., Railroad Co.* v. *Fosdick, 106 U. S. 47; 27 L. Ed. 47.* In *Hall* v. *Sullivan Railroad Co., Fed. Cas. No. 5948,* it was said: "Without undertaking to say that the parties may not restrict the right of foreclosure, I consider it clear that the insertion of a power of sale in a deed of mortgage neither deprives the mortgagee of his right of strict foreclosure, when such right would otherwise exist, nor prevents a court of equity from foreclosing by a sale made under its direction, in cases where it finds a strict foreclosure is not matter of absolute right on the part of the mortgagee, and a strict foreclosure would be inequitable."

Where it is evident that the grantor intended to vest in the grantee an absolute and unconditional power of sale, for the realization of the value of the security in satisfaction, in whole or in part, of the indebtedness the conveyance was made to secure, a different question is presented. But such is not the case here. It has been held that a provision in a deed of trust that neither the whole nor any part of the premises mortgaged shall be sold, under proceedings either at law or in equity, for the recovery of the principal or

interest of the bonds thereby secured, but that the mode of sale provided by the mortgage "shall be exclusive of all others," is open to the objection that it attempts to provide against a remedy in the ordinary course of judicial proceedings, and to oust the jurisdiction of the courts, and therefore is invalid. *Guaranty Trust and Safe Deposit Co.* v. *Green Cove Springs and M. R. Co., 139 U. S. 137; 35 L. Ed. 116.* And it has likewise been held that the application of the principle of "equity of redemption could not be frustrated even by the engagement of the debtor entered into at the time of the mortgage. * * *." *Home Building and Loan Association* v. *Blaisdell, 290 U. S. 398; 54 S. Ct. 231: 78 L. Ed. 413.* This, it would seem, is implicit in the doctrine.

In the instant case, however, there was evidence tending to establish that, long after the making of the conveyance, the sale in question was effected by agreement of the parties. The sale price was $20,000. While appellant insists that he expressed the view that the property should not be then sold because (1) he anticipated a rising real estate market, due to a contemplated public improvement, and (2) it would tend to embarrassment with his creditors if his "obvious debt" was reduced, it is clear that the sale was, in fact, made with his approval. Some time prior to its consummation, he procured a purchaser for the property at the price of $9,000, and requested the bank to make a conveyance. The bank demurred, insisting that this price was inadequate, and it was then agreed that the lands should be sold for $12,000. Moreover, it is evident from the testimony that the conveyance of the property, while intended as a security, took the absolute form in order to place the lands beyond the reach of other creditors of appellant. Either consideration requires a dismissal of the bill.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER. LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.