96 N.J. Super. 158 (1967)
232 A.2d 679
ORANGE LAND COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
JOHN S. BENDER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided July 11, 1967.
*161 Before Judges CONFORD, FOLEY and LEONARD.
Mr. John S. Bender, appellant, argued the cause pro se.
Mr. Lawrence Friedman argued the cause for plaintiff-respondent (Mr. A. Nathan Cowen, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
This is an action for the foreclosure of a mortgage on a six-family apartment house in East Orange. Defendant-mortgagor on this appeal contends that the trial court erred in not giving him adequate and sufficient time to redeem and in denying him a hearing on his exceptions to the mortgagee's accounting of rental income, which exceptions if sustained would have allegedly reduced substantially the amount required to redeem.
The background facts follow: Plaintiff-mortgagee originally sold the property to defendant-mortgagor in 1960. In a foreclosure action instituted on June 10, 1962 defendant counterclaimed for fraudulent misrepresentation as to the cost of fuel oil for the premises. The Chancery Division therein entered judgment of foreclosure for plaintiff but also found for defendant on his counterclaim in the sum of $4,000. Credit was also given to defendant for net rents of $1,688.33 collected to the date of judgment by plaintiff as mortgagee in possession. Thus the net amount of plaintiff's judgment was $26,087.68.
*162 Defendant appealed to the Appellate Division and on January 28, 1964 we stayed the enforcement of the judgment pending appeal. On September 24, 1965 we affirmed the judgment of the Chancery Division and, on October 24, 1965, we denied a rehearing.
On November 1, 1965 defendant petitioned the New Jersey Supreme Court for certification, which was denied on February 16, 1966. Defendant thereafter petitioned the United States Supreme Court for certiorari and that was likewise denied on June 13, 1966.
On November 3, 1965 plaintiff moved for an ex parte order vacating our stay, which order was granted on November 4, 1965. Defendant asserts he never received a copy of this order from either plaintiff or the clerk of the court  see R.R. 2: 11-3  and we find this to be true.
On January 4, 1966 the property was sold at sheriff's sale to plaintiff for $100. It is not disputed that plaintiff did not send defendant the ten-day notice of sale as required by R.R. 4:83-2. Defendant did not become aware of the sale until June 13, 1966, and then only when he called plaintiff's attorney to inquire as to why the property was being painted.
On June 16, 1966 defendant moved to set aside the sale on the ground that he never received the required notice of sale. This motion was partially heard on June 24 and continued to July 1, 1966, at which time plaintiff conceded that such notice was not given. On that day defendant stated that if the sale was set aside he intended to bid at the new sale. However, in the course of a colloquy with the court defendant, an attorney of this State appearing pro se, suggested that there need not be a new sale and sheriff's costs could be saved if he was given time to "pay the mortgage in full." After additional discussion the court ruled that defendant would have 15 days in which to redeem by paying or tendering the full amount, including interest and costs, due on plaintiff's mortgage and due on the second mortgage. However, this ruling was modified later at that hearing and defendant was given the 15 days to deposit in court an "official commitment in writing" that he *163 would have the necessary funds, and he was given an additional 15 days to close the transaction.
The parties returned to court on Friday, July 15, 1966. They first stated they agreed that the full amount due plaintiff for principal, interest and costs to that date was $31,287.98, and the amount due on the second mortgage was $1,500. Defendant produced a letter commitment from a Samuelson & Company, Newark, in the sum of $20,000, to be secured by a first mortgage on the property, and one from Jersey Realty Finance Corp., Newark, in the sum of $5,000, to be secured by a second real estate and chattel mortgage on defendant's home and personal effects. Defendant stated he would secure the balance needed by selling his holdings in a Sears Roebuck profit-sharing fund, by redeeming U.S. Savings Bonds and by available cash.
However, the court suggested that both parties visit Mr. Samuelson, advise him of the full background of the original litigation and have him in court that afternoon so that he could verify the commitment. After lunch defendant advised the court that they had talked to Mr. Samuelson and "[h]e is disinclined to go along." Defendant stated he was surprised by this refusal and asked for additional time to seek a substitute commitment. After additional discussion the court gave him until 2 P.M. on Monday, July 18, 1966, provided that on that day he deposited $3,000 in court and produced an "institutional commitment."
Due to the illness of the judge the matter was continued to Tuesday, July 19. On that day defendant had neither the required $3,000 nor a new commitment. He merely offered a letter from a Spiotta and Company saying that they were seriously considering the loan but that due to the shortage of time they could not make a decision until "Thursday morning [July 21] at 11 A.M." Defendant stated it was impossible to get the $3,000 without a mortgage commitment and requested more time. However, the trial judge ruled that defendant had failed to fulfill the court's requirement as to a commitment; it refused to grant an extra two days time, and it entered an *164 order denying defendant's application to set aside the sheriff's sale and to redeem the property.
Defendant on this appeal contends that (1) under the circumstances he was given insufficient time to redeem from a foreclosure sale held in violation of R.R. 4:83-2, and (2) he was entitled to a hearing on his exceptions to the accounting for rental income prior to the date fixed for redemption.

I
The right to redeem from a real estate mortgage is a favorite equity, and will not be taken away except upon a strict compliance with the steps necessary to divest it. Mansfield v. Hammond, 117 N.J. Eq. 509, 510 (E. & A. 1935). Additionally, and quite independent of statute or rule of court, Chancery has inherent power to set aside a sale or to order redemption when there is an independent ground for equitable relief, "such as fraud, accident, surprise, irregularity in the sale, and the like." Penn Federal Savings and Loan Ass'n v. Joyce, 75 N.J. Super. 275, 278 (App. Div. 1962).
Here defendant did not receive the mandatory ten-day notice required by R.R. 4:83-2 and he had no knowledge of the sheriff's sale until five months thereafter. Plaintiff bought the property at the sale and was still the owner thereof when defendant made his motion to set aside the sale. Under the circumstances we conclude that the trial court could properly have set aside the sale or ordered redemption. We consequently do not agree with plaintiff's contention that the court erred in its original ruling granting defendant a right to redeem.
Defendant reluctantly agreed to the original 15-day limitation. Nevertheless, in view of the conceded tight money market that existed at the time of defendant's motion we conclude that the court erred in limiting him to four days (including a week-end) to secure a new mortgage commitment when the previous commitment was suddenly and unexpectedly withdrawn. We therefore reverse and remand *165 to the trial court so that defendant may have a reasonable opportunity to redeem anew.
At oral argument before this court defendant stated that he now has sufficient funds to redeem in cash. In view of that representation, and because of the time that has elapsed in the course of this litigation, we direct defendant to deposit in court within 30 days of the filing of the mandate herein the full amount due to plaintiff on its mortgage, including interest to the date of said deposit, plus costs, together with the full amount due on the second mortgage, the total to be fixed by the trial court within 20 days of entry of the mandate. In default of the foregoing an appropriate order may be entered in the trial court denying the relief sought by defendant. The sum ordered paid into court will be subject to the disposition directed in Part II of this opinion.

II
The record indicates that on the first hearing on the motion (June 24, 1966) and on the continued dates defendant demanded that plaintiff file an accounting of the rents collected by it as mortgagee in possession. The trial court ruled that defendant was entitled to that relief and directed plaintiff to file an accounting as "speedily as possible." This was done on one of the continued motion dates, and defendant filed exceptions thereto. Defendant requested a hearing thereon prior to redemption but the court deferred disposition of the matter until he exhibited a mortgage commitment as ordered.
As said by the Chancellor in Onderdonk v. Gray, 19 N.J. Eq. 65, 67 (Ch. 1868),
"A mortgagee in possession is bound to account for all rents, issues and profits received by him * * * and must deduct the allowance for these matters from the amount due on his mortgage * * *."
See Zanzonico v. Zanzonico, 2 N.J. 309, 314 (1949), certiorari denied 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. *166 532 (1949). Of course, the mortgagee is entitled to a credit for all proper expenses in connection with the property. Id., at p. 314. The claim of right to a credit due on the accounting is merely a matter of ascertaining the amount due on the mortgage; it is of the same nature as a payment on the mortgage. The determination of the amount thereof becomes a necessary part of the foreclosure action, Doyle v. Di Medio, 99 N.J. Eq. 23, 24 (Ch. 1926), and should be computed before final judgment and sale.
To compel a redeeming mortgagor under strained financial circumstances and in a tight mortgage market to secure and pay the full amount due on the mortgage, and to withhold determination of the credit due him on an accounting for rents and profits collected by the mortgagee in possession until after that payment was made, would not only be inequitable but also in contravention of settled principles of foreclosure practice.
We therefore conclude that defendant is entitled to a hearing on his exceptions to the plaintiff's accounting before actual redemption. The amount due on the mortgage may thus be properly reduced by any credits determined to exist as a result of that hearing.
Plaintiff has filed an accounting up to "the end of June 1966." This should be supplemented to the date upon which defendant deposits the necessary funds in court as previously mandated herein, and filed within ten days therefrom. Defendant may then file supplemental exceptions within five days. A hearing on all of defendant's exceptions should be promptly held. Proper adjustment should be made upon the sum deposited in court to the extent of any credit adjudicated in favor of defendant, and the balance thereof paid to plaintiff. If, to the contrary, any additional amount is determined due plaintiff in respect of such accounting, then defendant should pay said sum within such time as may be fixed by the trial court.
Conceding defendant's right to an accounting, plaintiff contends that it need only account for rents and profits up *167 to the date of the sheriff's sale, i.e., January 4, 1966. It argues that on that day its status as a mortgagee in possession terminated and that it then became an owner. In view of our determination under Part I of this opinion, we conclude that this argument is without merit.
Reversed and remanded for further proceedings in the trial court in accordance herewith. No costs to either party as to this phase of the litigation.