**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2949-15T2

DEUTSCHE BANK NATIONAL TRUST
COMPANY as Trustee on behalf
of BCAP, L.L.C. Trust 2007-AA4,

    Plaintiff-Respondent,

v.

GRACE HWANG and ROBERT HWANG,

    Defendants-Appellants,

and

MORTGAGE ELECTRONICS REGISTRATION
SYSTEMS, INC. and TD BANK NORTH,
N.A.,

    Defendants.

_____

Argued June 6, 2017 — Decided  July 13, 2017

Before Judges Suter and Grall.

On appeal from the Superior Court of New
Jersey, Chancery Division, Bergen County,
Docket No. F-8076-09.

Joseph A. Chang argued the cause for
appellants.

Suzanne Q. Chamberlin argued the cause for
respondent (KML Law Group, P.C., and
Sandelands Eyet, L.L.P., attorneys; Robert D.
Bailey, on the brief).

PER CURIAM

Defendants Grace and Robert Hwang (defendants) appeal a February 5, 2016 order of the Chancery Division denying their request to vacate a sheriff's sale of real property on which Grace Hwang (Grace)[1] had executed a note and mortgage, and later defaulted. We affirm substantially for the reasons expressed by Judge Menelaos W. Toskos in his written opinion of the same date.

In February 2007, Grace executed a $2.9 million dollar note to Countrywide Bank N.A. (Countrywide) and a mortgage to the Mortgage Electronic Registration Systems, Inc. (MERS), as Countrywide's nominee. She defaulted on the mortgage in April 2008 and did not make any payments thereafter. In February 2009, MERS assigned the mortgage to plaintiff, Deutsche Bank National Trust Co. as Trustee on behalf of BCAP, L.L.C. Trust 2007-AA4 (Deutsche Bank). Deutsche Bank filed a complaint for foreclosure in 2009, which named Grace and her husband, Robert, as defendants. They did not answer within time and were defaulted. Grace's motion to vacate the default was denied. A final judgment of foreclosure was entered in August 2010 with an amount due to Deutsche Bank of $3.3 million. Deutsche Bank sought to sell the property at a sheriff's sale.

---

[1] We refer to the parties by their first names because they share the same surname.

Defendants were aware of the original date for the sheriff's sale in December 2010 because, at their request, a stay of the sale was granted to allow mediation, which was not successful. The sheriff's sale "was adjourned numerous times over the course of the next four years" because of "loss mitigation" efforts and "multiple bankruptcy filings."

Defendants were aware that a sheriff's sale was scheduled in August 2013 because Grace again applied for a stay in order to sell the property. She acknowledged she could "no longer afford to keep the property." In her supporting certification, Grace stated that she had exhausted the two statutory adjournments.[2] Her stay request was denied.

The property was sold at a sheriff's sale on December 4, 2015. Defendants contend they were not "notified by any means" that the property would be sold on that date. They thereafter requested an extension of time to redeem the property. Judge Toskos granted the request, extending the ten-day redemption period from December 11, 2015 to January 6, 2016.

Defendants filed a motion to vacate the sheriff's sale. Judge Toskos denied the motion by order dated February 5, 2016, with a written opinion. Judge Toskos acknowledged his discretionary

---

[2] Reference is made to the adjournments allowed by N.J.S.A. 2A:17-36.

authority to vacate a sheriff's sale and recognized it should be exercised "only in rare instances" to "remedy a plain injustice." Although a party should have actual knowledge of an impending sale, Judge Toskos found here that, although actual notice was lacking, an extension of the redemption period was an appropriate remedy, citing to First Mutual Corp. v. Samojeden, 214 N.J. Super. 122, 126-27 (App. Div. 1986). Judge Toskos concluded his earlier order, which had extended the time for redemption, "effectively placed the [d]efendants on notice of the actions required by them to avoid the sale from being finalized."

The court was "not persuaded that defendants had no actual notice" because there had been "numerous bankruptcies and loss mitigation actions" taken, which made it unlikely they "were engaging in these efforts without notice of the impending sale." The court balanced the equities in denying defendants' motion to vacate.

Defendants appeal the February 5, 2016 order. They contend the appropriate standard for our review is de novo, citing to United States ex rel. U.S.D.A. v. Scurry, 193 N.J. 492 (2008). They assert that because they had no actual knowledge of the sheriff's sale, we should vacate the sale and remand the case to the trial court.

We review the February 5, 2016 order under an abuse of discretion standard. See id. at 502 ("[I]t has long been the law of New Jersey that an application to open, vacate, or otherwise set aside a foreclosure judgment or proceeding subsequent thereto is subject to an abuse of discretion standard." (citation omitted)). We give substantial deference to the trial court's determination and will not reverse it "unless it represents a clear abuse of discretion." DEG, L.L.C. v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) (citation omitted). An abuse of discretion occurs when the decision of the trial court has "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). The court did not abuse its discretion here.

Rule 4:65-2 requires that "notice of the [sheriff's] sale shall be posted in the office of the sheriff . . . where the property is located, and also, in the case of real property, on the premises to be sold . . . ." Additionally, "at least [ten] days prior to the date set for sale, [the party obtaining the order or writ shall] serve a notice of sale by registered or certified mail, return receipt requested," upon "every party who

has appeared" and the "owner of record." Defendants do not challenge the adequacy of the initial notice under Rule 4:65-2.

Rule 4:65-4 addresses the sheriff's power to adjourn the sale. Under that Rule, "[t]he sheriff . . . may continue such sale by public adjournment, subject to such limitations and restrictions as are provided specifically therefor." This Rule does not require that each adjourned sheriff's sale receive the notices required by Rule 4:65-2.

Under Samojeden, supra, 214 N.J. Super. at 125-26, where the defendant did not receive notice of the sheriff's sale and continued to make monthly mortgage payments, we found that "actual knowledge of the effective sale date" was implicit in Rule 4:65-4's requirement that the adjournment of the sheriff's sale be made public. However, where there is a failure of actual notice, "the appropriate relief will depend on the circumstances." N.B. Sav. Bank v. Markouski, 123 N.J. 402, 425 (1991).

In Scurry, supra, 193 N.J. at 506, the Court's remedy for a notice failure included an extension of the redemption period. The Court remanded the case for the trial court to determine a "reasonable" time period for the defendant to redeem and a redemption amount, where the defendant's first notice of the foreclosure sale was the writ of possession. Ibid. If the defendant were able to redeem, the court ruled "she is to be

afforded the opportunity she would have had if she properly had been noticed of the sheriff's sale of the property: the opportunity to purchase her property free and clear of all existing liens." Id. at 506-07. However, should the defendant not be able to redeem "within a reasonable period of time, . . . then there is no need to vacate the sheriff's sale and title will remain with plaintiff." Id. at 506. Thus, extension of the redemption period would put defendant in the same position she would have been in had she had notice. See Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967) (holding that where defendant did not receive proper notice to redeem and had no knowledge of the sheriff's sale, "the trial court could properly have set aside the sale or ordered redemption").

We agree with Judge Toskos that his order extending the redemption period was an appropriate resolution and not an abuse of discretion. In this case, there was no proof defendants had knowledge of the sheriff's sale on December 4, 2015. However, Grace admitted in 2013 that she could not afford to maintain the payments. There were multiple requests to stay the sheriff's sale indicating defendants knew it was progressing. Defendants requested to extend the redemption period, but were not able to redeem the property. No payments were made by defendants after 2008, in contrast to Samojeden, where the defendant continued to

pay on the mortgage. Thus, extension of the redemption period put defendants in the same position they would have been in had there been notice of the sheriff's sale. We are satisfied there was no abuse of discretion by the trial court in denying the motion to vacate the sheriff's sale under these circumstances.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2949-15T2