**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0658-19T3

WELLS FARGO BANK,
N.A.,

     Plaintiff-Respondent,

v.

MARVIN HOWARD,

     Defendant-Appellant,

and

MRS. MARVIN HOWARD, His
Wife, PAMELA S. HOWARD,
LANCASTER MORTGAGE
BANKERS, LLC, and STATE OF
NEW JERSEY,

     Defendants.

_____

Submitted December 14, 2020 – Decided January 21, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-025273-17.

Marvin Howard, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Pro se defendant[1] Marvin Howard appeals from the September 30, 2019 Chancery Division order, which denied his motion to vacate a July 9, 2019 sheriff's sale and confirmed the sale as valid. We affirm.

On August 5, 2005, defendant executed a note in the amount of $200,000 in favor of Lancaster Mortgage Bankers. On the same date, defendant and his wife, Pamela S. Howard, secured the debt by executing a mortgage on the property located at 13-15 Melville Place (the property) in Irvington. The mortgage was recorded on August 26, 2005. Lancaster Mortgage Bankers later assigned the mortgage to plaintiff Wells Fargo Bank, N.A. (Wells Fargo). Plaintiff recorded the assignment on April 25, 2017.

On November 7, 2017, plaintiff filed a foreclosure complaint, alleging the loan to be in default due to defendant's failure to make installment payments since May 1, 2017. After defendant did not file an answer or otherwise respond

---

[1] In this opinion, we refer to Marvin Howard as defendant as he is the only appellant.

to the complaint, on April 13, 2018, plaintiff requested the clerk enter the default. On August 14, 2018, plaintiff moved for entry of final judgment, and on September 5, 2018, the Chancery Division granted the motion.

A sheriff's sale was scheduled for January 8, 2019, but adjourned due to defendant filing for bankruptcy. The sale was ultimately rescheduled for July 9, 2019, and on that date, the property sold for $140,000 to a third-party buyer identified as 13-15 Melville LLC.

Six days later, on July 15, 2019, defendant, making his first appearance in this action, filed a pro se motion objecting to the sheriff's sale, pursuant to Rule 4:65-5. Defendant's motion challenged the validity of the sheriff's sale and sought "an Order by Court to confirm the foreclosure sale supported by a Sheriff's Report of Sale[.]"

On September 30, 2019, the motion judge denied defendant's motion and ordered the "sale shall remain valid and in full force and effect[.]" In his written opinion accompanying the order, the judge first noted defendant's apparent failure to notify the third-party buyer of his motion, which Rule 4:65-5 requires. Addressing the merits of defendant's objection, the judge rejected defendant's two arguments 1) "that the sheriff's sale . . . should be vacated because there is nothing in the court records confirming the sale[,]" and 2) "that his motion is

3

meant to 'maintain the integrity of the process to assure the sale was fairly conducted.'" The judge explained,

> [D]efendant has not presented any legal authority that requires the generation of court records in confirmation of a valid Sheriff's sale . . . . [D]efendant does not produce any argument or information that indicates the sale wasn't fairly conducted. Rather the substance of defendant's motion essentially challenges the plaintiff and the sheriff to provide evidence of a fairly conducted Sheriff's sale. However, it is the defendant's burden to demonstrate such an issue with the sale. There is no burden on the plaintiff or the sheriff to demonstrate the validity of the sale. This is particularly true in this instance where the defendant fails to articulate any specific issue or irregularity with respect to the sale.

Thus, the judge denied the motion, concluding that defendant "failed to establish any basis for vacating the otherwise valid sheriff's sale."

Defendant filed his notice of appeal on October 11, 2019. On November 22, 2019, the sheriff filed a report of sale for the property dated October 9, 2019.

Defendant raises the following argument on appeal:

> THE APPELLATE DIVISION MUST DECIDE WHETHER THE TRIAL COURT FAILED TO SET ASIDE THE SHERIFF'S SALE WHEN NO ADMISSIBLE EVIDENCE PROVE[D] THE SALE WAS AUTHORIZED BY THE STATUTE AND WAS CONDUCTED BY SHERIFF AND WHEN THE DOCKET RECORD EVIDENCE SHOWED THAT THE SALE WAS NOT PROPER, AS MATTER OF LAW.

We review a trial court's denial of a motion to vacate a sheriff's sale under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Rule 4:65-5 governs motions to vacate a sheriff's sale, allowing persons to "motion for the hearing of an objection . . . within 10 days after the sale or at any time thereafter before the delivery of the conveyance." Rule 4:65-5 requires that "[n]otice of the motion shall be given to all persons in interest[.]" The trial court's power to void a sheriff's sale "is discretionary and must be based on considerations of equity and justice." First Trust Nat'l Ass'n. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). A court may grant equitable relief to set aside a sheriff's sale when irregularities occur in the conduct of the sale, such as fraud, accident, mistake, or surprise. Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967).

However, in response to a motion to vacate a sheriff's sale, "the court may summarily dispose of the objection; and if it approves the sale and is satisfied

that the real estate was sold at its highest and best price at the time of the sale, it may confirm the sale as valid and effectual[.]" Rule 4:65-5. Indeed, when a timely objection is made to a sheriff's sale, the law requires "the entry of a formal order confirming the sale[.]" Hardyston Nat'l Bank v. Tartamella, 56 N.J. 508, 511 (1970).

Rule 4:65-6(a) requires sheriffs "selling lands to pay debts" to "file with the court a report of any sale made, verified by affidavit, stating the name of the purchaser and the price and terms of sale." However, this rule does not impose upon sheriffs a deadline for filing reports of sale or accompanying affidavits. Nor do the rules require a court's confirmation of a sheriff's sale be based on the sheriff's report of sale.

Defendant argues that the motion judge abused his discretion by confirming the sheriff's sale without sufficient proof that the sale occurred. He contends that upon his objection to the sale, the other parties should have produced evidence of the sale, such as a sheriff's report of sale, a contract of sale, an affidavit from the sheriff, an "affidavit of publication of advertisement", or an "affidavit of Proof of Posting". He frames this alleged inadequate proof as an irregularity that requires the sale be vacated. Finally, because he contends no evidence established the sale's validity, he argues the motion judge's

conclusion that the sale was valid lacked factual support, deviating from the requirements of "fundamental due process."

We reject these arguments and affirm, for substantially the same reasons expressed by the motion judge. Defendant failed to identify any irregularity in the sheriff's sale justifying an order vacating the sheriff's sale. Defendant made no allegation of fraud, accident, mistake, lack of notice, or improper service. The burden of producing evidence of an improper sale was on defendant, and not on plaintiff to prove a validly conducted sale. See E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987). Therefore, plaintiff's purported failure to offer sufficient proof of the sale was not a reversible irregularity. Because no rule conditions the validity of a sheriff's sale on the filing of a report of sale, the motion judge's confirmation of the sale before receiving the sheriff's report likewise cannot be considered such an irregularity.

In any event, defendant's own motion challenging the subject sheriff's sale included sufficient evidence of the sale's occurrence and validity. In a supporting certification, defendant attached as Exhibit A "a true copy of the Sales Listing Detail Essex County, NJ," which listed plaintiff and defendant, described the property, listed the upset price, and stated that on July 9, 2019, 13-15 Melville LLC purchased the property for $140,000. Thus, the record

clearly contained sufficient factual support for the entry of the judge's order denying defendant's motion.

We are satisfied that the motion judge did not abuse his discretion when he denied defendant's motion and confirmed the sheriff's sale of defendant's property.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0658-19T3