**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3067-21

CALIBER HOME LOANS,
INC.,

     Plaintiff-Respondent,

v.

STEPHANIE VOLIN and
MR. VOLIN, SPOUSE OF
STEPHANIE VOLIN,

     Defendants-Appellants.

_____

Submitted January 23, 2024 – Decided February 15, 2024

Before Judges Whipple and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-024400-18.

Denbeaux & Denbeaux and CJ Brennan, LLC, attorneys for appellant Stephanie Volin (Joshua Wood Denbeaux and Christopher J. Brennan, on the brief).

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Christian T. Miller, on the brief).

PER CURIAM

Defendant Stephanie Volin[1] appeals from three separate orders related to a foreclosure action filed by plaintiff Caliber Home Loans, Inc. Volin specifically appeals the following orders: a March 24, 2022 order adjourning a scheduled eviction to April 26, 2022; an April 26, 2022 order again adjourning a scheduled eviction to May 10, 2022; and a May 17, 2022 order denying an application to extend the right of redemption and staying the eviction until June 15, 2022. We affirm all orders on appeal.

We recite the facts from the motion record. Plaintiff filed a foreclosure complaint against Volin on December 11, 2018. According to the foreclosure complaint, Volin executed a Note on June 9, 2016, and obtained a loan in the amount of $364,315. To secure payment of the Note, Volin executed a mortgage pledging real property located at 29 South Valley Road, West Orange, New Jersey (property).

Volin defaulted on the payments due under the Note. As a result, plaintiff served Volin with a notice of intent to foreclose required under the Fair

---

[1] At times, defense counsel refers to his representing all defendants. At other times, he refers only to representing defendant Gavin McNett. In his merits brief, defense counsel indicated he represented Stephanie Volin. Our reference to defendants in this opinion includes both Volin and McNett.

A-3067-21

Foreclosure Act, N.J.S.A. 2A:50-53 to -68. According to plaintiff, the foreclosure complaint was served on December 20, 2018, by personally "leaving a copy at the mortgaged premises with . . . Gavin McNett."

On April 5, 2019, plaintiff obtained a judgment in foreclosure against Volin and McNett, entitling plaintiff to the sum of $369,900.58 to be paid from the sale of property. The foreclosure judgment further provided plaintiff, or the purchaser of the property at a sheriff's sale, had the ability to recover against Volin, McNett, or anyone in possession of the property.

Plaintiff requested the Sheriff of Essex County schedule a sale of the property for July 16, 2019. On May 17, 2019, plaintiff filed a certification of mailing regarding the notice of sale.

The sheriff's sale was delayed because defendants obtained two statutory adjournments. The sheriff's sale was again delayed because Volin filed for bankruptcy. Upon dismissal of Volin's bankruptcy petition, the sheriff's sale was rescheduled for December 3, 2019. Plaintiff sent notice of this sheriff's sale to defendants at the property address on November 12, 2019.

Volin again filed for bankruptcy the day before the December 3 sheriff's sale. The bankruptcy petition was dismissed on January 29, 2020.

A-3067-21

Thereafter, the sheriff's sale was rescheduled for March 3, 2020. Notice of the sale was sent to defendants at the property by regular and certified mail on February 14, 2020. There is no record regarding the certified mailing. However, the regular mail was not returned to plaintiff.

Plaintiff purchased the property at the March 3, 2020 sheriff's sale. Defendants took no action regarding the sale of the property until November 18, 2021, when they filed a pro se motion to stay the proceedings.

In a December 17, 2021 order, the motion judge denied defendants' stay motion and issued a written statement of reasons. In the written statement of reasons, the judge summarized defendants' arguments. In seeking a stay, defendants claimed they were not notified of the pending sheriff's sale. Defendants further contended that even if they "had been notified of the pending sheriff's sale, there was no possible way for [d]efendants to take any dispositive action to oppose the sale and exercise their established right to redeem the property." Because there was no writ of possession, the judge denied defendants' stay application as moot.

On January 24, 2022, plaintiff obtained a writ of possession for the property. An eviction was scheduled for March 23, 2022.

4

In March 2022, counsel for McNett filed an order to show cause (OTSC), seeking a thirty-day stay of the eviction. In support of the OTSC, McNett's mother, Mary McNett, submitted a certification, claiming to have "cash funds available to pay the judgment, and more, on the property." Mary McNett's certification requested an adjournment of the sheriff's sale "so that my attorney [could] negotiate a buy out of the property with the foreclosing plaintiff, now owner."

On the return date of the OTSC, counsel for the parties agreed to a thirty-day adjournment of the eviction. The judge entered an order adjourning the eviction to April 26, 2022.

Counsel for the parties next appeared in court on an emergent application to stay the April 26, 2022 eviction. Defense counsel attorney asserted McNett sought to extend his right of redemption because he lacked notice of the sheriff's sale. According to McNett's counsel, McNett offered to pay more than the judgment amount to redeem the property, but plaintiff declined the offer.

In opposing the application for a stay of the eviction, plaintiff's counsel reminded the judge of the previous stays obtained by defendants, the prior bankruptcy petitions filed by Volin, and plaintiff's mailing of the notice of the sheriff's sale to defendants on February 14, 2020. Consequently, plaintiff's

5

counsel asserted McNett "has been aware of the sale, [and] could have made the redemption period." Counsel further explained plaintiff was "not interested in providing [a] payoff amount" and sought to "put [the property] on the open market for sale."

The judge entered an April 26, 2022 order staying the eviction until May 10, 2022. The order also stated the judge would issue a decision no later than May 3, 2022, on "whether [the] time for redemption should be extended."

Counsel for the parties submitted supplemental certifications and briefs on defendants' motion to extend the right of redemption. Plaintiff's counsel certified the notice of the March 3, 2020 sheriff's sale was sent to defendants at the property address by regular and certified mail. However, plaintiff's counsel advised that the United States Postal Service (USPS) only retained certified mail tracking for two years. The USPS further explained "the absence of a delivery scan on a [mail piece] [did] not necessarily indicate that the item was not delivered. It is possible the piece was delivered but the scan was not captured."

Defense counsel argued plaintiff had "no actual evidence that the regular mail was sent, other than its testimony that they suspect it had because of [plaintiff's] normal course." He asserted defendants "testified persuasively that the certified mail (since it was never sent) was not received." As a result,

6

defense counsel contended the judge should grant defendants' requested extension of the right to redeem. Alternatively, counsel suggested the judge conduct a plenary hearing on the issue of whether plaintiff provided notice of the March 3, 2020 sheriff's sale.

In Gavin McNett's May 10, 2022 certification, he stated both he and Volin suffer from PTSD and did not focus on legal mailings because "[t]here was a lot of mail coming to the house from law firms at the time." McNett further certified he subsequently became aware that Volin had "not [been] paying the mortgage during most of the time we . . . lived at the house." He also admitted receipt of "a notice of a Sheriff's Sale . . . posted on the front door," and stated he then took action to adjourn the first sheriff's sale. However, McNett certified "[t]here was absolutely no notice of any kind that a [s]heriff's sale had been scheduled and the house sold back to [plaintiff] on March 3, 2020."

The judge heard counsels' arguments on May 12, 2022. In an oral decision, the judge agreed that "[t]he issue . . . revolve[d] around the delivery of the notice with respect to the [sheriff's] sale" because Rule 4:65-2 "which deals with notices of sale does not expressly provide for the giving of the notice of an adjourned sale." The judge found plaintiff had "no certified copies of the

7

[signed] return receipt" card rescheduling the sheriff's sale for March 3, 2020, but the judge declined to draw the conclusion that notice was never mailed.

The judge found plaintiff satisfied "the presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." The judge noted plaintiff submitted a certification from an attorney handling the property sale, attesting to the mailing of the notice to defendants' correct address—29 South Valley Road—affixing of the correct postage for both the regular and certified mail, and depositing of the letters in a proper mail receptacle. Based on the attorney's certification, the judge found notice of the sheriff's sale was sent to defendants.

The judge rejected defendants' argument that their denial of receipt of the regular mail was "sufficient to shift the burden back to . . . plaintiff" to prove the service of notice upon defendants. The judge determined defendants required "some collaborative evidence from a third person or some other evidence" to support their application to extend the time to exercise the right of redemption. Further, the judge noted that Volin "conceded in the papers that she kept the information from Mr. [McNett] . . . with respect to this . . . unfortunate situation . . . when there was this foreclosure complaint for many, many months, and causing other problems."

The judge concluded the only requirement imposed on plaintiff was "that there be some communication, some notice and certainly ordinary mail would be sufficient under the circumstances." The judge found "[t]here was a communication" by plaintiff, and defendants' "mere denial [as to receipt of notice was] not enough, particularly under these circumstances where there[] [were] already . . . questions raised with respect to allegations of improper service, lack of service, or lack of knowledge" in prior court filings by defendants. The judge also determined "a defendant . . . knowing a sheriff's sale is scheduled once could certainly contact the sheriff's office [or] contact the plaintiff" regarding the status of the sale of property.

After the judge placed his reasons on the record, defense counsel requested a stay of the eviction pending appeal. In his May 17, 2022 order denying an extension of the right to redeem, the judge stayed the eviction until June 15, 2022. In a June 15, 2022 order, the judge granted a stay of the eviction "pending resolution of [defendants'] appeal."

On appeal, defendants argue the judge erred in finding plaintiff served notice of the sheriff's sale on defendants and thus deprived defendants of the right of redemption. We disagree.

9

A trial court's decision addressed to a foreclosure judgment or subsequent foreclosure proceeding is reviewed for abuse of discretion. U.S. v. Scurry, 193 N.J. 492, 502 (2008). We review a decision regarding extension of the right to redemption to determine whether the decision was made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 504 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Pursuant to Rule 4:65-5, a mortgagor can object to a sheriff's sale "within [ten] days after the sale or at any time thereafter before the delivery of the conveyance." Upon expiration of the ten-day period, absent a filed objection stating valid grounds, "[a] sheriff's sale is automatically confirmed." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316 (App. Div. 2002). The "valid grounds for objection include fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Id. at 317 (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)). If a mortgagor is able to exercise the right of redemption with the time period under the Rule or establish valid grounds for an objection, the mortgagor is required to "tender[]" the full amount of the judgment due. Id. at 315.

Applying these principles, we are satisfied the judge did not abuse his discretion in denying defendants' motion to extend the right of redemption. Defendants took no action until nearly two years after plaintiff purchased the property despite receipt of notices regarding the foreclosure action, the foreclosure judgment, and the sheriff's sales. Additionally, defendants proffered no evidence of any fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale. Nor did defendants produce sufficient evidence of their ability to pay the full amount of judgment in order to redeem the property.

We also reject defendants' arguments regarding lack of proper notice of the March 3, 2020 sheriff's sale. The judge considered the certifications filed by defendants during the foreclosure proceedings and found defendants received notices at the property but declined to take action in response to receipt of those notices. Regarding the February 14, 2020 mailing of notices to defendants of the March 3, 2020 sheriff's sale, the judge found plaintiff's counsel sent the notices by regular and certified mail to defendants' correct address, affixed the proper amount of postage, and deposited the mailings in a correct postal receptacle. Because more than two years had passed between the date of the mailings and defendants' motion to extend the right of redemption, the USPS no longer had tracking information regarding the certified mail. However, the

judge found the regular mail was not returned to plaintiff's counsel and defendants' mere denial as to receipt of the regular mail was insufficient to rebut the presumption regarding service of the notice of the sheriff's sale by regular mail. We are satisfied the judge properly found defendants received notice of the March 3, 2020 sheriff's sale and, on this record, defendants were not entitled to an extension of the right to redeem.

Any remaining argument raised by defendants are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Based on our affirming the orders on appeal, we vacate the June 15, 2022 order staying the eviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3067-21