**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3109-23

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF
FIDELITY & GUARANTY LIFE
MORTGAGE TRUST 2018-1, A
DELAWARE REGISTERED
PARTNERSHIP,

     Plaintiff-Respondent,

v.

60 CREEK RD, LLC, and
JOSEPHINE D'ARPA,

     Defendants,

and

DOMENICK J. MASTROCOLA,

     Defendant-Appellant.

_____

Submitted on March 25, 2025 – Decided May 15, 2025

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-001382-22.

Domenick J. Mastrocola, appellant pro se.

Friedman Vartolo, LLP, attorneys for respondent (Quenten Gilliam, on the brief).

PER CURIAM

Defendant Dominick Mastrocola appeals from an order denying his motion to expunge a sheriff's deed after a foreclosure judgment was entered in plaintiff's favor and a sheriff's sale was completed. We affirm based on the well-reasoned written decision of Judge David F. Bauman.

I.

We limitedly recite the relevant facts from the record and incorporate by reference Judge Bauman's detailed factual recitation. On November 26, 2019, co-defendant 60 Creek Rd LLC executed and delivered a note to plaintiff memorializing a loan in the amount of $198,750, which was secured by a mortgage against property on Creek Road in Keansburg. Defendants D'Arpa and Mastrocola were named in the action as a guarantors on the note. Defendants defaulted under the terms of the note and mortgage by failing to make the payment due on September 1, 2021.

A-3109-23

Plaintiff commenced a foreclosure action in February 2022. Plaintiff moved for default judgment, which was granted on November 4, 2022. The foreclosure final judgment was entered on March 30, 2023. On July 17, defendant filed a motion to vacate the final judgment, which was eventually denied on January 29, 2024. A sheriff's sale was held on September 5, 2023.

After the sheriff's sale, on September 7, defendant filed a motion to set aside the sale, which was also denied in the January 29, 2024 order. On February 8, defendant filed a motion for reconsideration of the court's denial of his motion to vacate the judgment and his motion to set aside the sale.

The judge's January 29 decision denying defendant's motion to vacate the final judgment quoted Rule 4:50-1 and found that "[d]efendant's sole argument is that [p]laintiff failed to establish standing" fails. The judge determined defendant had "not raised a timely defense regarding standing so as to constitute an exceptional circumstance under Rule 4:50-1." The judge also concluded that, regardless, plaintiff had standing because it "has established a prima facie right to foreclose and has established a valid assignment of the [m]ortgage to [p]laintiff."

In the judge's findings deciding defendant's motion to set aside the sale he stated "[d]efendant has failed to establish that [p]laintiff had an obligation to

3

adjourn the sheriffs sale because of the loan modification application. Defendant submitted this application two years after falling into default. Furthermore, [d]efendant filed the application only nineteen days before the sheriffs sale. The equitable considerations therefore favor [p]laintiff."

Regarding the defendant's motion for reconsideration, the judge set forth a thorough written summary of the procedural history, defendant's arguments, made factual findings and applied the facts to the pertinent legal principles cited in his decision. In particular, the judge's decision cited Rule 4:49-2 and found defendant "has not demonstrated that the [c]ourt either (1) expressed its decision in a palpably incorrect or irrational basis[;] or (2) failed to consider the significance of probative, competent evidence." An order was entered denying defendant's reconsideration motion on March 20, 2024.

While the reconsideration motion was pending, on March 14, defendant filed a "Motion to Expunge the [sheriff's] Deed" which had been recorded on December 29, 2023. Judge Bauman denied the motion by order dated April 12, 2024.

In the judge's decision he quoted Rule 4:65-5 verbatim. He determined that "[d]efendant fail[ed] to present any basis to expunge the [d]eed." The judge also found "[o]n September 7, 2023 (two days after the sheriff's sale),

[d]efendant filed his objection to the sheriff's sale and sought for the sale to be set aside. This motion constituted [d]efendant's objection pursuant to Rule 4:65-5." The judge then found he had "considered [d]efendant's objections and has now twice upheld the September 5, 2023 sheriff's sale." The judge further determined that "[o]n March 20, 2024, [he] entered an [o]rder denying [d]efendant's motion to reconsider the [c]ourt's January 29, 2024 [o]rder." Thereafter, the judge concluded "[d]efendant essentially seeks a 'third bite of the apple.' The [c]ourt has twice considered [d]efendant's arguments challenging the validity of the sheriff's sale and has each time upheld the validity [of the] September 5, 2023 sale."

On appeal, defendant contends reversal is warranted because the trial judge: abused its discretion by denying his motion to "expunge the deed"; failed to "provide adequate findings of fact and conclusion of law supporting its decisions pursuant to [Rule] 4:65-5"; and failed to find "the recorded [s]heriff's [d]eed of [f]oreclosure is not valid, and the subject '[s]heriffs [d]eed' did not meet [the] requirements of [Rule] 4:65-5 amongst other deficiencies."

II.

We affirm Judge Bauman's order denying defendant's motion substantially based on the cogent reasons expressed in his thorough written decision. We add the following comments.

"[T]he appropriate standard of review of an application to open, vacate or otherwise set aside mortgage foreclosure proceedings is whether the trial court abused its discretion." United States v. Scurry, 193 N.J. 492, 503 (2008). We review de novo, however, questions of law such as interpretation of our court Rules. DiFiore v. Pezic, 254 N.J. 212, 228 (2023). Under this standard, "a trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Pursuant to Rule 4:65-5, a mortgagor can object to a sheriff's sale "within [ten] days after the sale or at any time thereafter before the delivery of the conveyance." Upon expiration of the ten-day period, absent a filed objection stating valid grounds, "[a] sheriff's sale is automatically confirmed." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316 (App. Div. 2002). The "valid grounds for objection include fraud, accident, surprise, irregularity, or

6

impropriety in the sheriff's sale." Id. at 317 (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)).

After our review of the record and the governing legal principles, we discern no abuse of discretion by the judge in denying defendant's motion. In his decision, the judge incorporated findings from his decisions in prior motions. In those decisions the judge cited and analyzed the prior motions under Rule 4:65-5. We note those motions had essentially requested identical relief to the one now on appeal. We determine the judge made a thorough summary of the procedural history and provided specific reasons for his denial of defendant's third motion to set aside the deed from the sheriff's sale based on Rule 4:65-5. We discern no error in the judge's denial of defendant's motion to "expunge the deed," which was a recasting of his motion to set aside the Sheriff's sale that was properly denied previously. Therefore, we find no merit to defendant's arguments.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3109-23