**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1280-24

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not
individually but as trustee for
PRETIUM MORTGAGE
ACQUISITION TRUST,

      Plaintiff-Respondent,

v.

JPM AUDE COOPER TRUST,
MRS. PETER Y. MARTIN, his wife,
UNITED STATES OF AMERICA,
RUSSELL HILES, minor, BETTY J.
HILES, as guardian ad litem, LYNN
F. SINGER, and BRETTLYNN
MANAGEMENT, LLC, f/k/a
PETE-MAR MANAGEMENT
COMPANY LLC,

      Defendants,

and

PETER Y. MARTIN,

      Defendant-Appellant.

_____

Submitted June 3, 2026 – Decided June 26, 2026

Before Judges DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-011100-22.

Peter Y. Martin, self-represented appellant.

Parker McCay, PA, attorneys for respondent (Gene R. Mariano, on the brief).

PER CURIAM

Defendant Peter Y. Martin appeals from the December 20, 2024 order of the Chancery Division denying his motion to set aside the sheriff's sale of residential real property in this foreclosure matter. We affirm.

I.

On February 9, 2007, defendant executed a note in favor of Bank of America in the amount of $336,000. He secured the note with a mortgage on residential real property in Passaic County. After a series of transfers, the note and mortgage were held by plaintiff Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust (WSFS). The note and mortgage were twice the subject of loan modification agreements. Defendant defaulted on the note and mortgage by failing to make the payment due on February 1, 2020.

A-1280-24

On October 17, 2022, WSFS filed a foreclosure complaint in the Chancery Division. After WSFS filed an amended complaint, defendant filed a contesting answer. He raised three affirmative defenses: (1) failure to effectuate service of the complaint, claiming he received notice of the foreclosure action through a third party; (2) WSFS was not the original lender; and (3) several service providers handled his mortgage over the years.

On August 22, 2023, the court entered an order granting summary judgment to WSFS, striking defendant's answer, and returning the matter to the Office of Foreclosure as an uncontested matter. In a written decision accompanying the order, the court found WSFS established each of the three elements necessary to obtain a judgment of foreclosure. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (holding the only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises). The court also rejected defendant's affirmative defenses, finding WSFS effectuated service of the complaint on him, the transfer of the note and mortgage to WSFS gave it standing to file the foreclosure complaint, and a change in service providers is immaterial to WSFS's right to seek foreclosure.

A-1280-24

After denying a series of motions filed by defendant, the court, on July 1, 2024, entered final judgment in favor of WSFS. We affirmed the July 1, 2024 order. Wilmington Sav. Fund Soc. v. JPM Aude Cooper Tr., Docket No. A-3757-23 (App. Div. June 24, 2025). The Supreme Court denied defendant's petition for certification. Wilmington Sav. Fund Soc. v. JPM Aude Cooper Tr., 263 N.J. 332 (2026).

The property was scheduled to be sold at a sheriff's sale on September 10, 2024, but defendant exercised his statutory adjournment rights. At the sheriff's sale on November 12, 2024, the property was sold back to WSFS because no bidder made an offer at or above the upset price of over $500,000.

On November 18, 2024, defendant moved to vacate the sale. He argued the sale was invalid because the property was not sold at its highest and best price. In addition, defendant alleged the sheriff's website did not list the name of the purchaser or the amount for which the property was sold.

Defendant mailed a copy of the motion to an incorrect address and the court-generated notice of the filing of the motion was sent to an attorney who was no longer employed by WSFS's counsel. As a result, the motion was considered unopposed.

A-1280-24

On December 20, 2024, the court denied the motion. In a written statement of reasons, the court found:

> The motion is denied, because although a court of equity can vacate a [s]heriff's sale, there must be a basis to do so. Here, the [d]efendant alleges "irregularities" in the sale, but in fact there were none. The sale took place and the [p]laintiff purchased the property. If there were bidders at the sale willing to bid the price higher, they would have done so. The defendant could have attended the sale to determine if there [were] truly any irregularities. The certification does not indicate that he did so, and the alleged "irregularities" do not exist.

This appeal followed.

Defendant argues: (1) the record lacks evidence of an executed sale of the property; (2) the property was not sold at its highest and best price; (3) the sheriff did not file an affidavit identifying the successful bidder; and (4) the court, when denying his objection, did not issue an order confirming the sale was valid.[1]

## II.

We review a court's denial of a motion to vacate a sheriff's sale under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion occurs when a decision is "made without a

---

[1] On April 28, 2026, we denied defendant's emergent request for an order staying his eviction from the property.

A-1280-24

rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Rule 4:65-5 governs motions to vacate a sheriff's sale. The rule allows persons to file a "motion for the hearing of an objection to the sale . . . within [ten] days after the sale or at any time thereafter before the delivery of the conveyance." The court's authority to void a sheriff's sale "is discretionary and must be based on considerations of equity and justice." First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). A court may grant equitable relief to set aside a sheriff's sale when irregularities occur in the conduct of the sale, such as fraud, accident, mistake, or surprise. Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967).

In response to a motion to vacate a sheriff's sale, "the court may summarily dispose of the objection; and if it approves the sale and is satisfied that the real estate was sold at its highest and best price at the time of the sale, it may confirm the sale as valid and effectual . . . ." R. 4:65-5. When a timely objection is made to a sheriff's sale, the law requires "the entry of a formal order confirming the sale . . . ." Hardyston Nat'l Bank v. Tartamella, 56 N.J. 508, 511 (1970).

6

Rule 4:65-6(a) requires sheriffs "selling lands to pay debts" to "file with the court a report of any sale made, verified by affidavit, stating the name of the purchaser and the price and terms of sale." However, this rule does not impose upon sheriffs a deadline for filing reports of sales or accompanying affidavits. Nor does the rule require a court's confirmation of a sheriff's sale be based on the sheriff's report of the sale.

Defendant has not identified any irregularity in the sheriff's sale of the property justifying an order vacating the sale. He made no allegation of fraud, accident, mistake, lack of notice, or improper service. The burden of producing evidence of an improper sale was on defendant. See E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987). He did not satisfy that burden.

Because of an absence of bidders at the upset price exceeding $500,000, the property was sold back to plaintiff. There is nothing improper about that outcome. In addition, although the December 20, 2024 order does not expressly "confirm" the sale, we are satisfied the order sufficiently accomplished that outcome.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1280-24