**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0630-24

MIDATLANTIC IRA LLC, FBO
DAVID H. SACHS IRA AS TO
AN UNDIVIDED 80% INTEREST
AND MIDATLANTIC IRA LLC,
FBO PHILIP E. SACHS IRA AS
TO AN UNDIVIDED 20%
INTEREST ("MIDATLANTIC IRA"),

     Plaintiff-Respondent,

v.

TRAVIS ALLY,

     Defendant-Appellant,

and

NEW JERSEY MANUFACTURER
INSURANCE COMPANY,
SUBROGEE, DAWN WHITE, and
UNITED STATES OF AMERICA,

     Defendants.

_____

Submitted October 28, 2025 – Decided November 17, 2025

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No F-007024-23.

Travis Ally, appellant pro se.

Friedman Vartolo LLP, attorneys for respondent (Michael Eskenazi, on the brief).

PER CURIAM

In this foreclosure matter, defendant Travis Ally, self-represented, appeals from the following Chancery Division orders: the February 2, 2024 order granting plaintiff MidAtlantic IRA LLC, FBO David H. Sachs IRA as to an undivided 80% interest and MidAtlantic IRA LLC, FBO Philip E. Sachs IRA as to an undivided 20% interest's motion for summary judgment; the May 10, 2024 order denying defendant's motion for reconsideration of the summary judgment order; and the August 5, 2024 order denying defendant's motion to fix the amount due. Having reviewed the record, parties' arguments, and applicable law, we affirm in part and reverse and remand in part.

I.

On July 17, 2015, defendant executed a note to Coastal Real Estate Limited Liability Company (Coastal) to secure a loan for $320,000. The note provided for an "initial interest rate of 6.500000% per annum, payable in . . . successive monthly installments of $1,733.33 due and payable on the first day

2

of each month commencing September 1, 2015." The note also permitted plaintiff to assess "late charges in the amount of four (4) percent for any payment overdue by more than ten (10) days." Defendant was to make the final loan payment on August 1, 2020. To secure payment of the note, defendant executed a mortgage on real property in Red Bank (the property) in favor of Coastal. The mortgage was recorded in the Monmouth County Clerk's Office on September 1, 2015. In January 2018, Coastal assigned the mortgage and security to plaintiff, who also recorded the assignment.

On August 11, 2020, the parties modified the note and mortgage by entering an extension agreement. Under the agreement, the loan was extended from August 1, 2020 to August 1, 2021, and defendant remained responsible for paying "the outstanding late charges totaling $189.98." Defendant's new monthly installment payment was $2,858. The extension agreement specifically provided that defendant's "[f]ailure to make all monthly installments when due shall result in a termination of this agreement and the entire balance remaining due and owing will be immediately due and payable." On October 1, 2021, defendant failed to pay his monthly installment and did not make payments thereafter.

A-0630-24

On June 7, 2023, plaintiff filed a complaint seeking to foreclose on the property because defendant defaulted on the loan. Plaintiff asserted that it served defendant with a notice of intention to foreclose (NOI), N.J.S.A. 2A:50-56, "more than thirty-one (31) days prior" to filing its complaint as required under the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. On June 25, 2023, plaintiff's process server personally served an individual identified as Ras Ally at the property with the summons and complaint. The person accepting service was described as a twenty-year-old male. Defendant filed an answer on July 18 and asserted that plaintiff failed to present "evidence of mailing the [NOI]."

On December 21, 2023, plaintiff moved for summary judgment, which defendant did not oppose. In support of its motion, plaintiff provided the certification of its agent, John Kiley, who attested that plaintiff sent defendant the NOIs on March 14, 2023, by first class and certified mail. Kiley's certification referenced an attached exhibit F, which included the specifics of the "proof of mailing" of the NOIs. Included in exhibit F were two documents titled "DECLARATION OF MAILING" that were completed by Charlene Broussard on March 15, 2023. Kiley did not address the monthly late fee of

4

$69.33 that it assessed prior to the fifteenth of each month after defendant failed to make his monthly installments.

Broussard certified in the declarations that "the attached [NOI] document(s)" were mailed first class and certified, with electronic return receipt. The enclosed documents were copies of the NOIs sent to defendant at the property's address and his Alexandria, Virginia address, which the mortgage had listed. The exhibits contained the postal tracking number records for both certified mailings, tracking histories, and United States Postal Service letters indicating there was no available information on proof of delivery. Exhibit F also included the invoice for the cost of the two regular and two certified mailings. Defendant's Virginia address that plaintiff used for the NOI was also the same address listed in the note.

Kiley explained the parties entered into an extension loan. Further, he stated that defendant "failed to make the payment due on October 1, 2021 as required by the Note and Mortgage referred to in the certification. Said payments have remained unpaid for a time period longer than one month." Because defendant remained in default, Kiley certified that "[b]y reason of said default, [p]laintiff elected that the whole principal sum, together with all unpaid interest and advances made by the [p]laintiff shall now become due."

A-0630-24

The court granted plaintiff's unopposed summary judgment motion on February 2, 2024. On March 25, defendant moved for reconsideration of the order granting plaintiff summary judgment, which the court denied. After considering defendant's argument that he did not receive the NOIs and plaintiff failed to produce a return receipt demonstrating proof of service, the court found plaintiff's exhibits established proof of service under N.J.S.A. 2A:5-56(a).

On June 12, plaintiff moved for final judgment and to fix the amount due. Defendant opposed plaintiff's motion and cross-moved, seeking that the court reduce the amount due pursuant to Rule 4:64-1(d)(3). Plaintiff's loan servicer's managing member, Ellen Katz, certified that the amount due was $397,238.37. Katz certified the accuracy of the amount due schedule, which provided that the unpaid principal was $319,999.67 and the amount of interest from September 1, 2021 to February 23, 2024 was $49,786.93. Katz's certification and the attached amount due schedule did not address the assessed late payments. The separate balance sheet and pay off quote that plaintiff provided defendant, dated February 23, 2024, each stated, "[l]ate [c]harges . . . 0.00." Defendant objected to plaintiff's purported amount owed. He specifically objected to the extension fee charged, late fees that he agreed to with the extension agreement, and plaintiff's "continued assess[ed] late charges of $69.33 on the [eleventh] of each month"

A-0630-24

as demonstrated in plaintiff's payment history. Defendant alleged plaintiff violated the Home Ownership Security Act of 2002 (HOSA), N.J.S.A. 46:10B-22 to -35. Defendant specifically asserted that plaintiff incorrectly charged late fees in violation of N.J.S.A. 46:10B-22(d)(2) and assessed unsupported fees in violation of N.J.S.A. 46:10B-26(i). Defendant argued for the court to reduce the amount owed to $261,238.57.

On August 5, 2024, the court issued an order accompanied by a written decision denying defendant's motion. The court considered defendant's arguments that he was entitled to a reduced fixed amount and statutory damages pursuant to HOSA. The court was unpersuaded by defendant's argument that plaintiff incorrectly charged excessive late fees for his payments that were not past due for fifteen days or more in violation of N.J.S.A. 46:10B-22(d)(2) and assessed an unsupported fee under N.J.S.A. 46:10B-26(i). The court determined that defendant "fail[ed] to state 'with specificity the basis of the dispute'" and found plaintiff complied with HOSA under N.J.S.A. 46:10B-25(d)(2) because "th[e] late fee that was first assessed on April 11, 2018" was "more than a month after [d]efendant fell into delinquency." Plaintiff's charged late fees, assessed after the parties entered the extension agreement, were not addressed.

A-0630-24

Regarding defendant's argument that plaintiff wrongly assessed an unwarranted fee in 2020, the court found it was unsupported because the "payment history attached by [d]efendant show[ed] that the $226.00 assessed on July 23, 2020, was actually a credit." The court determined defendant failed to produce evidence that supported fixing the amount owed at the reduced amount of $261,238.57. On September 12, 2024, the court entered final judgment for the amount due of $397,238.37.

On appeal, defendant contends the court erred in granting plaintiff's motion for summary judgment and denying his motion for reconsideration because he did not receive the NOI that plaintiff was required to "ensure" was "actually . . . given." Defendant also asserts that the court failed to consider and apply HOSA to reduce the amount owed.

II.

We review a motion court's summary judgment "decision de novo and afford [its] ruling no special deference." Invs. Bank v. Torres, 457 N.J. Super. 53, 56 (App Div. 2018), aff'd and modified, 243 N.J. 25 (2020). We apply the same standard as the motion court and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the

alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); Rozenblit v. Lyles, 245 N.J. 105, 121 (2021) (applying same standard for cross-motions for summary judgment). In an action to foreclose a mortgage, the only material issues are "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." N.Y. Mortg. Trust 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n as Tr. v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021) (quoting Torres, 457 N.J. Super. at 65).

A foreclosure action will be deemed uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2). Pursuant to Rule 4:64-1(d)(4), the trial court is authorized to "enter final judgment upon proofs as required by R[ule] 4:64-2." The "[p]roof required by R[ule] 4:64-1 may be submitted by affidavit or certification, unless the court otherwise requires. The moving party shall produce the original mortgage, evidence of indebtedness, assignments, claim of lien . . . , and any other original document upon which the claim is based." R. 4:64-2.

"Orders granting summary judgment, striking the answer, entering default, and returning the matter to the Office of Foreclosure are interlocutory because these orders only address issues relating to the mortgagee's right to foreclose and do not resolve any potential issues concerning the amount due." Wells Fargo Bank, NA v. Garner, 416 N.J. Super. 520, 523 (App. Div. 2010). Therefore, a trial court addressing a motion to reconsider its order granting summary judgment is appropriately governed by Rule 4:42-2. Pursuant to Rule 4:42-2, "interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (quoting R. 4:42-2).

"In real estate foreclosure actions, 'the final judgment . . . fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due.'" Wells Fargo Bank, 416 N.J. Super. at 523 (quoting Eisen v. Kostakos, 116 N.J. Super. 358, 365 (App. Div. 1971)). The court's reconsideration of a foreclosure final judgment is pursuant to Rule 4:49-2 as the "final judgment disposes of all issues and is generally appealable as of right." Ibid. (citing R. 2:2-3(a)). Reconsideration under Rule 4:49-2 is appropriate if there was a "'palpably incorrect or irrational' analysis or [if] the [court] fail[ed]

10

to 'consider' or 'appreciate' competent and probative evidence." Lawson, 468 N.J. Super. at 134 (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)).

The FFA defines a "[r]esidential mortgage" as "a mortgage . . . in which the security is a residential property such as a house, . . . which is occupied, or is to be occupied, by the debtor . . . or a member of the debtor's immediate family, as that person's residence." N.J.S.A. 2A:50-55. "[T]he express purpose of [N.J.S.A. 2A:50-56 is] to provide notice that makes 'the debtor aware of the situation,' and to enable the homeowner to attempt to cure the default." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 479 (2012) (quoting N.J.S.A. 2A:50-56(c)). The FFA provides that prior to commencing a residential foreclosure action, a lender must provide an NOI to the debtor "at least [thirty] days . . . in advance." N.J.S.A. 2A:50-56(a). An NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA. Spencer Sav. Bank, SLA v. Shaw, 401 N.J. Super. 1, 7 (App. Div. 2008). In Guillaume, our Supreme Court explained that "[t]he [NOI] is a central component of the FFA, serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." 209 N.J. at 470 (citing N.J.S.A. 2A:50-56(a)).

## III.

Defendant first contends the court erred in granting plaintiff's unopposed motion for summary judgment and denying his motion for reconsideration because plaintiff failed to satisfy the FFA's requirement that defendant be served with an NOI. Our review of the record demonstrates that defendant's arguments are unsupported.

We initially note that defendant failed to oppose plaintiff's summary judgment motion though the court had granted him an adjournment, providing more time to file opposition. The court nevertheless considered defendant's substantive arguments made for the first time in his motion for reconsideration.

We conclude plaintiff established it had mailed defendant the NOIs "in accordance with the statute." N.J.S.A. 2A:50-56(b) specifically requires a lender to send an NOI in writing to the residential mortgage "debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." "The Legislature specifically intended that lenders faithfully comply with the FFA provisions and articulated that '[w]aivers by the debtor of rights provided pursuant to [the FFA] are against public policy, unlawful, and void, unless given after default . . . in a separate written document

12

A-0630-24

signed by the debtor.'" EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 139 (App. Div. 2008) (alterations in original) (quoting N.J.S.A. 2A:50-61). However, "[w]e will not sanction a mortgagor's deliberate attempt to frustrate the mortgagee's efforts by ignoring the properly sent [NOI]." Id. at 140.

Defendant's assertion that the statute required plaintiff to prove he received the NOI is contrary to N.J.S.A. 2A:50-56(b)'s plain language. Plaintiff satisfied the statute by sending separate NOIs by regular mail and certified mail, return receipt requested, to the property and defendant's last known address. Each NOI was "deemed to have been effectuated on the date the notice [wa]s delivered in person or mailed to the party." N.J.S.A. 2A:50-56(b) (emphasis added). Contrary to defendant's assertion, the statute's "return receipt requested" language does not require a lender to produce a return receipt demonstrating defendant accepted delivery nor was it necessary for plaintiff to demonstrate other proof of "actual" delivery.

Defendant did not credibly contest the accuracy of the two mailing addresses plaintiff used. Plaintiff sent the NOIs to the property and to defendant's alternate Virginia address listed in the mortgage and note. While defendant blanketly stated the NOI was incorrectly sent to a Virginia address that was not his, defendant did not refute the address was his listed alternative

address on the loan documents and that the NOI was simultaneously sent to the property. For these reasons, plaintiff has sufficiently demonstrated it satisfied the statutory NOI requirements.

We next turn to address defendant's argument that the court failed to consider his allegations that plaintiff incorrectly assessed fees and did not apply HOSA in fixing the final judgment amount. Defendant specifically argues that plaintiff wrongly assessed unwarranted fees, including a $50 "Extension Fee," a $189.98 "late charge," and continued "late charges of $69.33."

On appeal, defendant argues that plaintiff wrongly charged $50 and $189.98 in 2020 in violation of HOSA. It is undisputed that the parties entered an extension agreement on August 11, 2020. In accordance with the agreement, defendant was responsible for his outstanding balance of "189.98." On August 14, defendant paid $139.98 and thereafter in October paid a $50 extension fee, which when combined equal the agreed upon outstanding balance of $189.98. In light of the parties' agreement, defendant has failed to offer credible support that plaintiff incorrectly charged the fees and assessed an additional $50.

Regarding the monthly late fees assessed, defendant's statement of material facts submitted to the court asserted that the late fees were charged after only approximately ten days in violation of HOSA and referenced plaintiff's

"Payment History."  The court failed to meaningfully address plaintiff's charged monthly late fees and the discrepancies in plaintiff's submissions.  R. 1:7-4(a) (requiring trial courts to make sufficient "find[ings] [of] facts and state its conclusions of law").  "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4.  Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions."  Curtis v. Finneran, 83 N.J. 563, 570 (1980).

The court limitedly addressed defendant's argument that plaintiff unlawfully charged late fees, finding "the late fee that was first assessed on April 11, 2018" was "more than a month after [d]efendant fell into delinquency."  We note plaintiff's attached loan payment history demonstrates that defendant was at times charged a $69.33 late fee earlier than fifteen days after his monthly installments were not timely paid.  By example, it appears the first late fee plaintiff was assessed after the parties' extension agreement occurred on November 12, 2020, after defendant failed to make his November 1, 2020 installment.  Further, we observe that plaintiff's schedule provided for no late fees assessed and the 2024 pay off quote stated, "Late Charges [of] 0.00."  Additionally, plaintiff's proffered certifications failed to specifically address the alleged late fees charged.  Because the court failed to sufficiently address

defendant's contention that plaintiff violated HOSA by charging late fees after only approximately ten days, we are constrained to reverse and remand for further proceedings.

In sum, a review of plaintiff's motion submissions in light of defendant's contention that it charged late fees in violation of N.J.S.A. 46:10B-25 convinces us that a remand is necessary for the court to limitedly address defendant's claims regarding the late charges assessed. On remand, the court may require further submissions and choose to hold a plenary hearing if necessary. Nothing in our opinion should be construed as an expression of our views regarding the merits of defendant's claims or the appropriate final judgment amount to be fixed.

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16